JAMES G. WILSON, APPELLANT, *v.* GEORGE A. SANDFORD AND ROBERT G. MUSGROVE.

The seventeenth section of the act of 1836 gives the right of appeal to this court, when the sum in dispute is below the value of two thousand dollars, "in all actions, suits, controversies on cases arising under any law of the United States, granting or confirming to inventors the exclusive right to their inventions or discoveries," provided the court below shall deem it reasonable to allow the appeal.

But a bill filed on the equity side of the Circuit Court to set aside an assignment, upon the ground that the assignee had not complied with the terms of the contract, is not one of these enumerated cases; and the value in dispute being less than two thousand dollars, this court has no jurisdiction over the case.

THIS was an appeal from the Circuit Court of the United States for the District of Louisiana.

The appellant had filed his bill in the court below, setting forth a patent to William Woodworth, dated December 27th, 1828, for a planing machine; also an extension, in 1842, of said patent for seven years, granted to William W. Woodworth, administrator of the patentee; an assignment of all right and interest in said extended patent throughout the United States (except Vermont) to complainant, Wilson; and a license from Wilson to the defendants to use one machine upon payment

of $ 1,400, as follows, viz. $ 250 in cash, and the remainder
in nine, twelve, eighteen, and twenty-four months, for which
promissory notes were given, dated 23d April, 1845, one for
$ 150, and four for $ 250 each.

The license was made an exhibit in the case, which, after
setting forth the consideration of $ 1,400 above mentioned,
and the promissory notes for part thereof, contained the follow-
lowing provision : — " And if said notes, or either of them, be
not punctually paid upon the maturity thereof, then all and
singular the rights hereby granted are to revert to the said Wil-
son, who shall be reinvested in the same manner as if this
license had not been made."

The first two of said notes were not paid when they fell due,
payment having been demanded and refused before the filing
of the bill.   The bill further insisted, that the license was for-
feited by the failure to pay the notes, and that the licensor was
fully reinvested at law, and in equity, with all his original
rights.   That the defendants, nevertheless, were using the ma-
chine, and thus were infringing the patent.   Prayer for an
injunction, *pendente lite*, for an account of profits since the for-
feiture of the license, for a perpetual injunction, for a reinvesti-
ture of title in complainant, and for other and further relief.

The defendants demurred to the whole bill, and also (saving
their demurrer) answered the whole bill.   They admitted all
the facts alleged; and averred, on their part, that the contract
set forth in the bill had been modified and varied by a new
contract, which the complainant had broken, and that the re-
spondent, being in the lawful use of a planing-machine at the
expiration of the patent, had the right to use such machine
without license, and consequently that the notes were without
consideration.

There was a general replication, and the cause was heard
first on bill and demurrer, and afterwards (the demurrer having
been overruled) on bill, answer, and replication.   Whereupon
the bill was dismissed, with costs, and an appeal to this court
taken.

The cause was argued by *Mr. Seward*, for the appellant, no
counsel appearing for the appellees.   As, however, the appeal
was dismissed for want of jurisdiction, the argument of Mr.
Seward, which was wholly upon the merits, is not inserted.

Mr. Chief Justice TANEY delivered the opinion of the court.
The bill in this case was filed by the appellant against the
appellees in the Circuit Court of the United States for the Dis-
trict of Louisiana.

The object of the bill was to set aside a contract made by the appellant with the appellees, by which he had granted them permission to use, or vend to others to be used, one of Woodworth's planing-machines, in the cities of New Orleans and Lafayette; and also to obtain an injunction against the further use of the machine, upon the ground that it was an infringement of his patent rights. The appellant states that he was the assignee of the monopoly in that district of country, and that the contract which he had made with the appellees had been forfeited by their refusal to comply with its conditions. The license in question was sold for fourteen hundred dollars, a part of which, the bill admits, had been paid. The contract is exhibited with the bill, but it is not necessary in this opinion to set out more particularly its provisions.

The appellees demurred to the bill, and at the final hearing the demurrer was sustained, and the bill dismissed. And the case is brought here by an appeal from that decree.

The matter in controversy between the parties arises upon this contract, and it does not appear that the sum in dispute exceeds two thousand dollars. On the contrary, the bill and contract exhibited with it show that it is below that sum. An appeal, therefore, cannot be taken from the decree of the Circuit Court, unless it is authorized by the last clause in the seventeenth section of the act of 1836.

The section referred to, after giving the right to a writ of error or appeal in cases arising under that law, in the same manner and under the same circumstances as provided by law in other cases, adds the following provision: — "And in all other cases in which the court shall deem it reasonable to allow the same." The words "in all other cases" evidently refer to the description of cases provided for in that section, and where the matter in dispute is below two thousand dollars. In such suits, no appeal could be allowed but for this provision.

The cases specified in the section in question are, "all actions, suits, controversies on cases arising under any law of the United States, granting or confirming to inventors the exclusive right to their inventions or discoveries." The right of appeal to this court is confined to cases of this description, when the sum in dispute is below two thousand dollars. And the peculiar privilege given to this class of cases was intended to secure uniformity of decision in the construction of the act of Congress in relation to patents.

Now the dispute in this case does not arise under any act of Congress; nor does the decision depend upon the construction of any law in relation to patents. It arises out of the contract stated in the bill; and there is no act of Congress pro-

9*

viding for or regulating contracts of this kind. The rights of the parties depend altogether upon common law and equity principles. The object of the bill is to have this contract set aside and declared to be forfeited; and the prayer is, "that the appellant's reinvestiture of title to the license granted to the appellees, by reason of the forfeiture of the contract, may be sanctioned by the court," and for an injunction. But the injunction he asks for is to be the consequence of the decree of the court sanctioning the forfeiture. He alleges no ground for an injunction unless the contract is set aside. And if the case made in the bill was a fit one for relief in equity, it is very clear that whether the contract ought to be declared forfeited or not, in a court of chancery, depended altogether upon the rules and principles of equity, and in no degree whatever upon any act of Congress concerning patent rights. And whenever a contract is made in relation to them, which is not provided for and regulated by Congress, the parties, if any dispute arises, stand upon the same ground with other litigants as to the right of appeal; and the decree of the Circuit Court cannot be revised here, unless the matter in dispute exceeds two thousand dollars.

This appeal, therefore, must be dismissed for want of jurisdiction.

### Order.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the District of Louisiana, and was argued by counsel; on consideration whereof, it is now here ordered, adjudged, and decreed by this court, that this cause be, and the same is hereby, dismissed for the want of jurisdiction.