SMITH *v.* STANDARD LAUNDRY MACHINERY Co. and others.

*(Circuit Court, S. D. New York.* February 22, 1882.)

PATENT—INFRINGEMENT—BREACH OF CONTRACT OF LICENSE—JURISDICTION OF CIRCUIT COURT.

Where the owner of a patent grants an exclusive license to a corporation to make and sell the article patented during the term of the patent, requiring sales to be returned monthly and license fees to be paid monthly, and retains the right to terminate by written notice the license, on failure to make returns and payments for three consecutive months, after due service of notice of the termination of the license for failure to make returns, an action for infringement, in which the corporation sets up in its answer that the license was not lawfully terminated, and that it had not sold any of the patented articles, and was not making and selling them, involves a question of infringement, and is cognizable in a federal court, although the parties are citizens of the same state. *Wilson* v. *Sanford,* 10 How. 99, and *Hartell* v. *Tilghman,* 99 U. S. 547, distinguished.

In Equity.

*H. G. Atwater,* for plaintiff.

*J. Palmer,* for defendants.

WHEELER, J. There are two of these cases, brought upon numerous patents described in the respective bills of complaint, and they have been heard together upon the bills, answers, replications, and plaintiff's proofs. The plaintiff, by written agreement, dated July 1, 1874, granted an exclusive license to the Standard Laundry Machinery Company, alone and singly, to manufacture and sell laundry machinery embodying the improvements patented, to the end of the terms of the patents, the company to make return to the plaintiff of all sales made during each month, on the first of the following month, and to pay, as a license fee, on or before the tenth of the following month, a sum equal to 8 per cent. of the gross sales of power machinery, and 4 per cent. of the gross sales of hand machinery, so sold. There was a clause in the agreement providing that the plaintiff might terminate the license by serving a written notice upon the company, on failure to make the returns and payments for three consecutive months. May 13, 1879, the plaintiff served notice of termination of the license. The defendants continued to use the patented inventions, and the plaintiff brought these suits for infringements after the notice. The parties are citizens of the same state, so that this court has no jurisdiction except under the patent laws. The defendants insist that those laws give no jurisdiction to decide upon the construction or continuance of the agreement for a license, and that the question of infringement depends wholly upon the agreement, and rest the case here wholly upon this question of jurisdiction. The contract of license itself provides a mode for its own termination; and the plaintiff's case shows that it was terminated in that mode. The defendants do not rest their cases upon the question whether the contract was terminated or not, but, while they insist

that it was not lawfully terminated, answer "that they have not sold any machines embodying the invention for which the complainant has obtained letters patent, as alleged in the complaint, and that defendants are not now manufacturing and selling the said machines." This raises a question of infringement, arising solely under the patent laws of the United States, of which the United States courts alone have jurisdiction, without reference to citizenship. The decision of the question of the termination of the license might obviate this question of infringement, and it might not; or, rather, it might furnish a mode of determining whether there was any infringement, and it might leave that question to be determined otherwise. If the license was not ended, the acts charged, if done, would not constitute an infringement; if ended, the question would remain whether the acts were done. The question of infringement would always be in the case until decision. This is different from *Wilson* v. *Sandford*, 10 How. 99, and *Hartell* v. *Tilghman*, 99 U. S. 547, relied upon by defendants. In each of those cases, as treated by the court, there was but one question made between the parties to be decided at all, and that was a question of contract. Neither of those cases seems to control this, and this does seem to involve a controversy of which this court has jurisdiction.

Let there be a decree for an injunction and an account, according to the prayer of the bill, with costs.