## LEFKOWITZ et al. v. FOSTER HOSE SUPPORTER CO. et al.

(Circuit Court, S. D. New York. May 5, 1908.)

COURTS—JURISDICTION OF FEDERAL COURT—FEDERAL QUESTION.

Complainants filed a bill in a federal court against a corporation of the same state as owner of a patent and the patentee who was a citizen of another state, alleging that such patentee obtained a decree against complainants in the same court adjudging the validity of the patent and enjoining its infringement; that complainants thereafter entered into a license contract with defendant corporation, giving them the right to manufacture and sell under the patent for a fixed term, with privilege of renewal, subject to the reservation of the right to such defendant to give notice by a time stated that it did not desire to renew, which notice the defendant had given; that, when the contract was signed, complainants were "orally assured" that no advantage would be taken of the reservation. The bill prayed that the decree in the infringement suit be set aside or suspended, that complainants' right to a renewal of the license contract be established, and that in the meantime defendants be enjoined from proceeding under the decree or bringing suit against complainants for infringement. The bill alleged no facts which would sustain a bill of review in the patent suit. *Held*, that the gravamen of the suit was a breach of the license contract by the refusal to renew and the relief sought a reformation or renewal of such contract, of which cause of action the court was without jurisdiction either on the ground that a federal question was involved or on the ground of diversity of citizenship, the patentee being neither a necessary nor proper party to such controversy, that the other relief sought was incidental and did not confer jurisdiction, and that, if jurisdiction be conceded, the bill did

not state a cause of action, as it did not allege that defendant agreed as a part of the contract that it would not act under the reservation therein.

[Ed. Note.—Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

In Equity. On demurrer to bill.

W. P. Preble, Jr., for complainants.

Philipp, Sawyer, Rice & Kennedy, for defendant Foster Hose Supporter Company.

RAY, District Judge. Both the complainants and defendant Foster Hose Supporter Company are residents and citizens of the state of New York. Defendant Ella Foster is a citizen of the state of California. The object and purpose of this action are, and the relief sought is, (1) that a decree of injunction heretofore issued against one of the complainants here, Lefkowitz, in an action·in equity to restrain infringement of United States letters patent No. 638,540, brought by the defendant here, Ella Foster Young, and which decree was entered in this court, Southern District of New York, October 9, 1903, be either vacated, modified, or suspended, and that defendants here be enjoined from availing themselves thereof from and after May 1, 1908, so far as complainants here are concerned; (2) that the defendant Foster Hose Supporter Company be decreed to renew and continue a license for the making, use, etc., of the patented device covered by said letters patent alleged to be outstanding; and (3) that defendants be restrained during the pendency of this action from bringing any suit against plaintiffs for infringement of such letters patent based on acts that may be committed during the pendency of this action or after May 1, 1908.

The bill of complaint alleges that the letters patent referred to for improvements in hose supporters were issued to said Ella Foster Young December 5, 1899, and that defendant Foster Hose Supporter Company is now the owner of such letters patent; that the suit for infringement referred to above was brought by Ella Foster Young, the patentee, and the final decree for injunction entered by consent against Lefkowitz. Complainants say the matter was then considered of slight importance. There is no allegation that the letters patent are invalid, or that such decree was obtained by fraud or deceit or duress. It is, of course, binding on Lefkowitz unless he has become a licensee. It is then alleged that about September 22, 1904, the complainants took a license·for the making, use, and sale of the patented device from the Patent Holding Company, of which one Arthur Frankenstein was president, which license gave complainants the right to make, sell, and use the said patented device for the term of two years from November 1, 1904, subject to certain conditions and restrictions therein named, and which contained a privilege of renewal, which is alleged as follows:

"It was further provided in said agreement of license, to wit, in the sixteenth clause thereof, that your orators might renew said license from year to year upon the same terms as therein provided upon notice in writing to said Patent Holding Company three months prior to the expiration of said term of

two years, or of any renewal term thereof of its election to so renew the said license."

The bill of complaint then states that notice of renewal of such license was not given within the time specified, and, in substance, that the Patent Holding Company declined to accept or recognize the one that was given, and that, instead of going to law or resorting to a court of equity, a new license agreement was entered into October, 1906, in which most of the substantial provisions of the old license agreement were repeated, and whereby the license agreement was extended until May 1, 1908. In regard to this the bill of complaint alleges:

"Said new paper of license provided that your orators might renew the same from year to year by giving notice on the 1st day of March of their desire to renew subject, however, to the reservation by the Foster Hose Supporter Company of the right to give notice by the 1st day of February, 1908, that it did not desire to renew the license. That, believing that the insertion of this reservation was made in good faith and not as a trap to catch your orators, and being orally assured at the time of the execution thereof that no advantage would be taken of this reservation, your orators consented thereto, and the license was signed as above set forth.

"(13) But now so it is, may it please your honors, that contriving and intending to injure your orators in their said business, and to deprive them of the benefits and advantages which should and otherwise would accrue to them from the manufacture and sale of said licensed hose supporters, the defendant the Foster Hose Supporter Company has again notified your orators that it will not renew said license and has refused to give any reason for such refusal, and threatens to continue said refusal and to deprive your orators of the right to make and sell said licensed hose supporters from and after the first day of May, 1908, well knowing that such acts will cause irreparable injury to your orators' said business as aforesaid, all of which is contrary to equity and good conscience."

The bill of complaint sets out at length that the complainants have entered largely into the business of making and selling such devices as are covered by said letters patent and have invested large sums of money, etc., in the business, and that they will suffer great loss and damage if the said license agreement is not renewed. I am unable to find any allegation that the complainants abandoned any rights to obtain a renewal of the first license, if they had any, through fraud or misrepresentation, or that they did not enter into the second license agreement above referred to and quoted as it is alleged by complainants to be with their eyes wide open as to its terms and conditions, and with a full understanding of its legal effect and import. The whole question is reduced to this: Can a court of equity, under the circumstances, compel defendant Foster Hose Supporter Company, now controlling the patent, it being in fact the same as the Patent Holding Company with a change of name, to renew the license agreement on the ground the complainants at the time the present license agreement in writing was made and signed and assented to were assured "that no advantage would be taken of this reservation"; that is, the reservation by the licensor, Foster Hose Supporter Company, in the license agreement, that complainants might renew on giving notice March 1, 1908, of its election so to do, unless the said Foster Hose Supporter Company should give notice on or before February 1, 1908, that it did not desire to renew the license. In short, the Supporter Company insisted

161 F.—24

that this limitation on the right to renew should go into the license agreement itself, but some one assured stated to the licensee that "no advantage would be taken of this reservation." It has given notice that it will not or does not desire to renew. The bill of complaint does not state who gave the assurance, or that it came from any one authorized to make it. The complaint says:

"And being orally assured at the time of the execution thereof [the license agreement] that no advantage would be taken of this reservation, your orators consented thereto, and the license was signed as above set forth."

The bill of complaint shows on its face that the second license agreement took the place of and superseded the first. Therefore the only right the complainants have to make, use, or sell the devices covered by the patent is derived from and under the second agreement. That is conditional as to renewal on the will of defendant company and its election to renew or not renew is to be evidenced by a notice to be served on or before February 1, 1908, and which was duly given and announced, that it elected not to renew. That is the written agreement. These complainants have no equitable grounds of relief, so far as the allegations of this bill are concerned or show, based on that first license agreement, or on the second license agreement, in effect extending some of the conditions and stipulations of the first agreement, so far as anything written in it, taken as a whole, is concerned. Complainants have no ground of relief, unless we do away with the written stipulation as to renewal, whereby complainants have no right to renew if defendant company gives notice in time it will not renew. The complaint shows on its face that complainants failed to give notice of renewal in time under the original license, and that it then made a new agreement. This was a clear abandonment of any equitable rights to relief from the consequences of its first neglect. They must stand or fall on the second agreement, and hence the main and only cause of action, if there be any stated, is to compel a renewal of the license under this second agreement. This is not incidental to some other relief. It cannot be questioned that, if this can be done, the court may incidentally enjoin all persons from enforcing the decree for injunction granted the patentee against the complainant Lefkowitz by the defendants, or either of them. That relief would be necessary in order to make the decree effective. This court has power over its own decrees. The proper and necessary parties are before the court if a cause of action is stated and jurisdiction shown. But defendant Foster Hose Supporter Company says that this court has no jurisdiction of an action to reform this license agreement or to compel an extension of the license, as there is not the necessary diversity of citizenship. It also says that the facts stated, conceding their truth, are not sufficient to warrant a decree extending the license agreement or compelling defendant company so to do.

Both complainants have recognized the validity of the letters patent referred to by taking a license from the owner of the patent, under which they are operating, making, selling, and using the patented device. Lefkowitz has also submitted to a decree adjudging their validity, and he has filed no bill in the nature of a bill of review. I do not see

that any question of patent law or other law of the United States is involved here. That the owner of a patent or sole licensee for the United States may grant licenses to others cannot be disputed. Defendant company has granted a license to the complainants for a limited time, with an agreement to renew, unless it gave notice by a certain specified date it would not renew. Complainants say it was orally agreed when the license agreement was signed that defendant company would not take advantage of that part of the agreement. In effect, this court is appealed to to write such a clause into the license agreement, reform it, compel its renewal, or treat it as renewed. The suit relates to a contract between two citizens of the same state in the United States granting a license to make, use, and sell a patented device. It does not involve the patent laws of the United States, or their force, effect, or construction. The validity of the patent is not in question, and cannot be tried under the allegations of this bill. The questions at issue are the terms, validity, force, and effect of the contract between the two parties, both residents and citizens of the state of New York, in the United States. I do not think this court has any jurisdiction of the cause of action stated. There are a great many facts alleged, but they go to the equities of this main cause of action attempted to be stated. They do not set up or state different causes of action. They go to the relief that should be given if the main cause of action attempted to be set up is sustained. If this cause of action cannot be sustained on the allegations of the bill, then the whole bill fails. No cause of action is stated against Ella Foster Young. The only propriety and necessity for making her a party are that she is the patentee, complainant in the suit in which Lefkowitz was enjoined, and may have some interest in the patent. The question or questions over the contract or agreement is, there being no necessary diversity of citizenship, solely cognizable by the state courts. This is settled by the following cases: Excelsior W. P. Co. v. Pacific Bridge Co., 185 U. S. 282, 285, 286, 287, 22 Sup. Ct. 681, 46 L. Ed. 910; Pratt v. Paris Gaslight & Coke Co., 168 U. S. 255, 257, 259, 18 Sup. Ct. 62, 42 L. Ed. 458; Hartell v. Tilghman, 99 U. S. 547, 25 L. Ed. 357; Standard D. Mfg. Co. v. National Tooth Co. (C. C.) 95 Fed. 291, 293, 294. The complainants may sue in the state court to reform or to compel a renewal of this license agreement. Should that relief be granted, then no action for infringement of the patent could be maintained, and until such a suit, if brought, is decided, this court would doubtless stay all contempt proceedings and all suits for infringement of the patent; or, possibly, if complainants continue to use and an infringement suit is brought, this court might hold that, under the license agreement as in fact made, the complainants here are operating under a valid license.

The whole gravamen of this bill rests upon the force and effect of the license agreement between the complainants and the defendant company, and their rights under it. That agreement contains the conditions stated as to renewal. It does not contain the alleged "assurance" that no advantage would be taken by defendant company of its reserved right to refuse a renewal on giving notice of its purpose so to do. The main and controlling question is, was such "assurance" given by the defendant company, is it a part of

the license agreement, and, if so, is it valid and binding? If so, then complainants are entitled to a renewal of the license, and a court of equity having jurisdiction of the subject-matter may compel such renewal. But that question in no sense involves the validity, construction, or enforcement of the patent laws, or of any law of the United States, or the validity of the patent. If the complainants had brought suit in the state court to compel a renewal of the license, alleging sufficient facts to show them entitled to the relief, and proceedings to punish for contempt of the decree of injunction referred to had been instituted, or suits for infringement had been commenced or even threatened during the pending of such action in the state court, then the jurisdiction of this court to enjoin and restrain such a proceeding or such suits until the determination of such suit in the state court might properly be invoked, if necessary. However, with such a suit pending in the state court I think that court would have ample power to enjoin the defendant company from bringing any such contempt proceedings in the United States court, or any infringement suits therein. That court could not, and would not, enjoin the United States courts, but it could restrain or control the action of the defendant company. In no event, can the complainants draw to this court or confer upon it jurisdiction to settle the rights of the parties, both being residents and citizens of the state of New York, under the contract or agreement in question, by also praying relief enjoining the feared action of defendants here in bringing suits, etc., pending the determination of the main and vital question of which this court has no jurisdiction.

The complainants expressly allege in the bill of complaint:

"That your orators are advised and believe that said letters patent No. 638,540 are invalid and void in spite of the fact that said patent has frequently been sustained by different federal courts, and your orators allege that in the cases heretofore litigated in which the validity of said patent was sustained the defendants respectively did not set forth the entire state of the prior art, and that therefore, the decrees heretofore obtained sustaining said patent were based upon an insufficient disclosure of said prior art, and, had the several courts been fully informed as to said prior art at the time of said decisions, the said decrees would not have been granted, but, on the contrary, said patent would have been declared invalid. And your orators are advised and believe, and therefore allege, that they have a complete and perfect defense against the validity of said patent, and on the question of infringement, provided they are permitted to present the same in due course to the attention of the court."

It seems clear, under this averment, that complainant, Brody, will have a good and perfect defense to any action for infringement of the patent brought against him, as he was not a party to the former decree. If Lefkowitz is bound thereby, as he is, he alleges no discovery of new evidence, and no fraud or deceit practiced upon him in the suit by Mrs. Young, and no ground for vacating, suspending, or modifying that decree, except that, as he is entitled to an extension of the license under which he is operating pending the determination of that question, he should not be punished for contempt or subjected to a new action. As stated, such relief is incidental to the other, and this court with power over its own decrees

can either on motion in infringement suits if brought, or, in a suit to restrain such action, grant temporary or permanent relief if occasion demands. If Lefkowitz seeks to retry the validity of the patent, he should file a supplemental bill, or a bill in the nature of a bill of review containing proper allegations. As stated, it cannot be done in this action. If it be asserted that such is the object and purpose of this suit, then no cause of action is set out.

By statute it is provided:

"The Circuit Courts shall have original jurisdiction as follows: * * * Ninth, of all suits at law or in equity arising under the patent or copyright laws of the United States."

And again:

"The jurisdiction vested in the courts of the United States in the cases and proceedings hereinafter mentioned, shall be exclusive of the courts of the several states: * * * Fifth, of all cases arising under the patent right or copyright laws of the United States."

See 1 U. S. Comp. St. 1901, pp. 503, 504, 577, 578.

The act to determine the jurisdiction of Circuit Courts of the United States, etc. (Act March 3, 1875, c. 137, 18 Stat. 470 [U. S. Comp. St. 1901, pp. 507, 508]), provides:

"That the Circuit Courts of the United States shall have original cognizance, concurrent with the courts of the several states of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the Constitution or laws of the United States * * * or in which there shall be a controversy between citizens of different states, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid," etc.

It is evident that the "matter in dispute" or question must arise under the Constitution or laws of the United States or between citizens of different states and exceed the sum or value of two thousand dollars, or arise under the patent laws of the United States.

Clearly this case does not arise under the Constitution or any law of the United States, unless it be the patent laws. We have no law of the United States regulating the making or granting or validity of licenses for the use, etc., of patented inventions of which I am aware. It is well settled that this case does not arise under the patent laws of the United States. Dale Tile Mfg. Co. v. Hyatt, 125 U. S. 46, 52, 53, 8 Sup. Ct. 756, 31 L. Ed. 683; Wade v. Lawder, 165 U. S. 624, 627, 17 Sup. Ct. 425, 41 L. Ed. 851; Marsh v. Nichols, Shepard & Co., 140 U. S. 344, 355, 356, 11 Sup. Ct. 798, 35 L. Ed. 413; Wilson v. Sanford, 10 How. (U. S.) 99, 13 L. Ed. 344; Hartell v. Tilghman, 99 U. S. 547, 25 L. Ed. 357; Standard Dental Mfg. Co. v. National Tooth Co. (C. C.) 95 Fed. 291, 293, 294; Pratt v. Paris Gaslight & Coke Co., 168 U. S. 255, 260, 18 Sup. Ct. 62, 42 L. Ed. 458; Albright v. Teas, 106 U. S. 613, 617, 618, 1 Sup. Ct. 550, 27 L. Ed. 295; Walker on Patents (4th Ed.) § 388, p. 328. In Standard Dental Mfg. Co. v. National Tooth Co., supra, the complainant sought to have a patent license declared forfeited for nonperformance of conditions as of a prior date and infringement of the patent declared, and to recover damages for such

alleged infringement. All the parties resided in the state of Pennsylvania. Gray, Circuit Judge, held that the action could not be maintained for want of jurisdiction, as the main cause of action was to declare forfeited the license agreement; that the proper course was to sue in the state court to have the forfeiture declared, and then, if successful, sue for infringement of the patent.

In Dale Tile Mfg. Co. v. Hyatt, supra, the court held:

"An action upon an agreement in writing, by which, in consideration of a license from the patentee to make and sell the invention, the licensee acknowledges the validity of the patent, stipulates that the patentee may obtain reissues thereof, and promises to pay certain royalties so long as the patent shall not have been adjudged invalid, is not a case arising under the patent laws of the United States, and is within the jurisdiction of the state courts."

In Wade v. Lawder, supra, the court held:

"The general rule is that 'where a suit is brought on a contract of which a patent is the subject-matter, either to enforce such contract or to annul it, the case arises on the contract, or out of the contract, and not under the patent laws." Dale Tile Manufacturing Co. v. Hyatt, 125 U. S. 46, 8 Sup. Ct. 756, 31 L. Ed. 683, and cases cited; Wood Mowing Machine Co. v. Skinner, 139 U. S. 293, 11 Sup. Ct. 528, 35 L. Ed. 193; Ex parte Ingalls, Petitioner, 139 U. S. 548, 11 Sup. Ct. 652, 35 L. Ed. 266; Marsh v. Nichols, Shepard & Co., 140 U. S. 344, 11 Sup. Ct. 798, 35 L. Ed. 413."

In Marsh v. Nichols, Shepard & Co., the syllabus is as follows:

"A bill in equity in a state court, with jurisdiction over the parties, brought to enforce the specific performance of a contract whereby an inventor who, having taken out letters patent for his invention, agreed to transfer an interest therein to the plaintiff, and proceedings thereunder involving no question arising under the patent laws of the United States, and not questioning the validity of the patent, or considering its construction, or the patentability of the device, relate to subjects within the jurisdiction of that court; and its decree thereon raises no federal question for consideration here."

In giving the opinion of the court Mr. Chief Justice Fuller said:

"In this case the state court did not decide any question arising under the patent laws, nor did the judgment require, to sustain it, any such decision. Neither the validity of the patent nor its construction, nor the patentability of the device was brought under consideration, even collaterally. In the language of Mr. Chief Justice Taney (Wilson v. Sandford, 10 How. 99, 101, 13 L. Ed. 344), the dispute 'does not arise under any act of Congress; nor does the decision depend upon the construction of any law in relation to patents. It arises out of the contract stated in the bill; and there is no act of Congress providing for or regulating contracts of this kind. The rights of the parties depend altogether upon common law and equity principles.' * * * Thus in Brown v. Shannon, 20 How. 55, 15 L. Ed. 826, it was decided that a bill in equity in the Circuit Court of the United States by the owner of letters patent to enforce a contract for the use of the patent, and in Wilson v. Sandford, 10 How. 99, 13 L. Ed. 344, to set aside such a contract because the defendant had not complied with its terms, was not within the acts of Congress by which an appeal to this court was allowable in cases arising under the patent laws, without regard to the value of the matter in controversy."

In Pratt v. Paris Gaslight & Coke Co., supra, the syllabus is as follows:

"To constitute an action one arising under the patent-right laws of the United States, the plaintiff must set up some right, title or interest under the patent laws, or, at least, make it appear that some right or privilege under those laws will be defeated by one construction, or sustained by the op-

posite construction of these laws. When a state court has jurisdiction both of the parties and the subject-matter as set forth in the declaration, it cannot be ousted of such jurisdiction by the fact that, incidentally to his defense, the defendant claims the invalidity of a certain patent."

In giving the opinion, the court said:

"While the question has never arisen in this court in the exact form presented in this case, we have repeatedly held that the federal courts have no right, irrespective of citizenship, to entertain suits for the amount of an agreed license or royalty, or for the specific execution of a contract for the use of a patent, or of other suits where a subsisting contract is shown governing the rights of the party in the use of an invention, and that such suits not only may, but must, be brought in the state courts."

See, also, the language of the court on pages 260, 261 of 168 U. S., page 62 of 18 Sup. Ct. (42 L. Ed. 458).

In Excelsior Wooden Pipe Co. v. Pacific Bridge Co., 185 U. S. 282, 22 Sup. Ct. 681, 46 L. Ed. 910, it was held:

"If a bill be brought to enforce or set aside a contract, though such contract be connected with a patent, it is not a suit under the patent laws, and the jurisdiction of the Circuit Court can only be maintained upon the ground of diversity of citizenship. Although the bill be an ordinary bill for the infringement of a patent, of which the Circuit Court would have jurisdiction, if the answer show that it is really a suit upon a contract, the court should dismiss the bill."

In view of the statutes and of these and other decisions, I must hold: (1) That the gravamen of this complaint is a breach of the license agreement by defendant company in refusing to renew the same; that the relief sought is the renewal of such license agreement, and incidentally an injunction restraining contempt proceedings on the decree heretofore rendered against Lefkowitz at the suit of Ella Foster Young and suits by defendants against complainants for the infringement of the letters patent referred to until it shall be determined whether or not complainants are entitled to a renewal of the license. (2) That, so regarded, there is not necessary diversity of citizenship to give jurisdiction, and that the case is not one arising under the Constitution and laws of the United States or the patent laws of the United States, and that the suit must be dismissed for that reason. (3) That the complainants are not entitled to maintain an action to have the letters patent declared invalid, and no cause of action entitling them to such relief is stated. (4) That regarding this as an action purely to set aside, vacate, or modify the former decree of this court adjudging the validity of the patent and enjoining Lefkowitz from infringing same no cause of action is stated. (5) That treating this as an action to compel a renewal of the license agreement, and assuming jurisdiction in this court, no cause of action is stated, as it is not alleged that the defendant company promised or agreed at the time of the execution and as a part of the license agreement that it would not avail itself of the provision inserted in the agreement, to the effect that a renewal should not be granted if it gave notice to that effect on or before February 1, 1908. It is claimed that by the general appearance all questions of jurisdiction are waived. It is not necessary to say that jurisdiction of the subject-matter of this controversy cannot be conferred on this court by consent. That question is always before the court which may itself

raise it and dismiss accordingly. See Defiance Water Co. v. Defiance, 191 U. S. 184, 24 Sup. Ct. 63, 48 L. Ed. 140, where it is held:

"The fundamental question of jurisdiction, first, of this court, and then of the court from which the record comes, presents itself on every writ of error and appeal, and must be answered by the court whether propounded by counsel or not. When a suit does not really and substantially involve a dispute or controversy as to the effect or construction of the Constitution or laws of the United States upon the determination of which the result depends, it is not a suit arising under the Constitution or laws; and it must appear on the record, by a statement in legal and logical form, such as is required in good pleading, that the suit is one which does really and substantially involve a dispute or controversy as to a right which depends on the construction of the Constitution or some law or treaty of the United States before jurisdiction can be maintained on that ground."

See, also, Int. C. Co. v. Gibney, 160 U. S. 217, 219, 16 Sup. Ct. 272, 40 L. Ed. 401.

The demurrer is therefore sustained, with costs.