## Ada Rogers Scott, Appellee, v. Eugene C. Hall et al., Appellants.

### Gen. No. 26,299.

1. PATENTS—*when infringement not involved in suit in State court.* Where a bill sought to restrain defendants from wrongfully asserting any rights under a license contract for a patented article and sought damages for violation of the terms of the contract as well as forfeiture of the contract, there was no question in the case involving the infringement of letters patent or the assessment of damages for their infringement, and hence the state court had jurisdiction.

2. PATENTS—*when State court has jurisdiction over bill to rescind license.* One engaged in the business of manufacturing and selling an article under letters patent of the United States who had entered into a license contract with other parties whereby they were given exclusive rights under the patents to manufacture and sell the article for royalties, default in the payment of which should constitute grounds for forfeiture of all rights and privileges under the contract and gave the licensor the right to seize all the goods, machinery and other assets held and owned by the licensees for the exclusive purpose of carrying on the manufacture of the article, could, upon default of the licensees, maintain in the State court a suit to rescind the contract and to restrain them from wrongfully asserting any rights thereunder.

3. PATENTS—*when bill in State court does not seek relief for infringement.* The fact that the owner of rights under letters patent, in seeking the rescission of a license contract and the determination of the rights of the parties thereunder, asserted that defendants had no subsisting rights under the contract after service of notice as required thereby is not, of itself, sufficient to deprive the state court of jurisdiction to grant the principal relief prayed for, as amounting to an attempt to secure relief for infringement of the letters patent.

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed May 16, 1921.

EDGAR A. JONAS and JOHN W. MICHAEL, JR., for appellants.

LEVINSON, BECKER, SCHWARTZ & FRANK, for appellee; IRWIN T. GILRUTH and JOHN P. BARNES, of counsel.

MR. JUSTICE DEVER delivered the opinion of the court.

This is an appeal from an order of the superior court of Cook county overruling a demurrer to a bill of complaint which alleged, in substance, that on and prior to January 23, 1919, the complainant was engaged in the business of manufacturing and selling journal packing under certain letters patent of the United States; that on said date she entered into a license contract with Eugene C. Hall and Charles A. Elsy, under which they and their assigns were given an exclusive right under the letters patent to manufacture and sell journal packing for royalties provided for in the contract. A material part of this contract' is as follows:

"5. In default of payment of royalty based on ten thousand pounds per month sold the following stipulation is to be in full force and effect, that is to say, upon default the purchasers shall forfeit, at the option of the vendor, all of the rights and privileges obtained to them by virtue of this contract and all rights to sell and manufacture shall reinvest in the vendor; and the vendor shall at her option, have the right, upon thirty days' written notice, to seize and take possession of all the goods, wares, merchandise, machinery and other assets which have been held and owned by the purchasers for the exclusive purpose of carrying on the manufacture of the within described goods, subject however to liabilities.

"6. Said stipulation number five is made and accepted in lieu of liquidated damages in the event of the default of the payment of royalties heretofore described in stipulation number three."

The bill further charged that the defendants had defaulted in the payment of royalties; that complainant had given notice of her election to terminate the con-

tract; that defendant, Rogers' Journal Packing Company, and W. H. Hall, one of its officers, as well as the other defendants named, claimed that the defendant company is an assignee of the licensee defendants, and that the defendants claimed to control absolutely the patent and all rights thereunder and were advertising in trade journals; that defendants had refused to reassign the license contract to complainant and were making fictitious and unfounded claims to rights thereunder; that complainant has suffered great loss thereby and that the contract of assignment to certain of the defendants is a cloud upon complainant's title.

The bill prayed for discovery of the names of persons to whom Eugene C. Hall and Charles A. Elsy have assigned interests in the patent; that the license contract be set aside; that defendants be decreed to reassign the patent to complainant; that they be decreed to pay her sums of money lost by reason of their wrongful acts; that they be restrained from making any assignments of said patent and from advertising a right in them to manufacture or sell packing materials under said patent, and, lastly, for the appointment of a receiver to take an assignment of the patent.

It is insisted for the defendants that the trial court had no jurisdiction to enjoin the infringement of letters patent or to assess damages for their infringement. *Hollida v. Hunt,* 70 Ill. 109. This question is not in the case. The bill does not seek, as we read it, to enjoin the infringement of the patent or to assess any damages therefor. The purpose of the bill seems to be to restrain the defendants from wrongfully asserting any rights whatsoever under the so-called license contract. The bill on its face alleges that the original grantees, Eugene C. Hall and Charles A. Elsy, had failed to comply with the terms of the contract and complainant seeks to exercise a right to terminate the contract in accordance with its express terms, as shown by paragraph 5 above quoted.

No question is presented by the bill as to the validity of the patent, nor is it charged that either or any of the defendants named had in any way infringed upon the rights granted thereunder. The damages sought under the bill are not for any alleged infringement of the patent, but for a violation of the terms of the contract, and complainant seeks by her bill a forfeiture of the contract under which the defendants, as alleged, assumed to exercise and hold certain rights and privileges.

The bill charges that the complainant had given notice, as required by the contract, of her election to terminate the license contract, and if the charges made in her bill be true, she had an undoubted right to appeal to a State court of equity to declare a forfeiture thereof and of any rights claimed by the defendants thereunder.

In the case of *Standard Dental Mfg. Co. v. National Tooth Co.*, 95 Fed. 291, it was sought to forfeit a contract in main particulars like the one in the present case. One of the grounds of defense was that the federal court had no jurisdiction to grant the relief prayed for. In deciding the case the federal court said:

"The obvious and logical course for the complainant in this case would be either to sue for damages for the nonpayment of royalties, or, by a bill in equity, seek the rescission of the contract of license, and, that being obtained, to pursue the defendant in a federal court for an infringement; but in the case at bar the complainant seeks a rescission of the contract and a remedy for infringement in the same bill. The jurisdiction of this court, as we have already said, can only attach, if it attach at all, by reason of the provisions of the patent law of the United States, which specially confers jurisdiction in cases arising under it. But in this case the complainant, in its bill, sets up a license, which, prima facie, protects the defendant in regard to the acts complained of, but which complainant says

has been forfeited by the nonperformance by defendant of its stipulated payment of royalty, and for which it asks this court to order the said contract of license to be delivered up and canceled. No suit for infringement can therefore lie until after this matter of the forfeiture is determined. This becomes and is the principal subject-matter of the present suit, and of that, as we have already shown, this court has no jurisdiction. The Supreme Court has so distinctly supported this view in the cases of *Wilson v. Sandford*, 10 How. 99, and *Hartell v. Tilghman*, 99 U. S. 547, that they must be considered as controlling the decision of the question here discussed.''

And so here, it is our opinion that the principal matter of the present suit is the prayer for a rescission of the license contract and the determination of the rights of defendants and complainant thereunder.

In the case of *Hartell v. Tilghman*, 99 U. S. 547, it was sought to rescind a contract by decree of court. The parties to the suit were citizens of the same State, and in deciding the case the court said:

''Such a case is not cognizable in a court of the United States by reason of its subject-matter, and as the parties could not sustain such a suit in the circuit court by reason of citizenship, this bill should have been dismissed.''

The cases cited in the brief of counsel for complainant sustain the position taken that the trial court had jurisdiction to grant the principal relief sought by the bill. No question is presented by the bill as to the validity of the patent. The only inquiry thereunder is as to what rights the parties acquired under the license contract, and the complainant properly sought the aid of the State court in determining these rights. The defendant Rogers' Journal Packing Company is not made a party to the suit on the theory that it had infringed, or threatened to infringe, upon the rights granted by the patent. Its presence in the case is accounted for because it is sought to charge it as assignee

of Eugene C. Hall and Charles A. Elsy. Under the bill the trial court, as to the company, could only determine whether it had assumed to exercise any rights or privileges granted to the original licensees. The fact that complainant has asserted that neither the original licensees nor the other defendants had any subsisting rights under the license contract after service of notice as required thereby is not in and of itself sufficient to deprive the trial court of jurisdiction to grant the principal relief prayed for.

The order of the superior court will be affirmed.

*Affirmed.*

HOLDOM, P. J., and McSURELY, J., concur.