## LANING v. NATIONAL RIBBON & CARBON PAPER MFG. CO.

### No. 7783.

Circuit Court of Appeals, Seventh Circuit.

Feb. 20, 1942.

Gordon F. Hook and James P. Hume, both of Chicago, Ill., for appellant.

Herbert H. Kennedy, of Chicago, Ill., for appellee.

Before EVANS, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

This is a suit by plaintiff for a declaratory judgment to determine the title to certain patents and trade-marks, and for infringement. The parties both reside in Illinois. The jurisdiction of the court is alleged in paragraph 3 of the Complaint in these words: "3. This action is brought for a declaratory judgment, and patent and trade-mark infringement, jurisdiction of this United States District Court being based on The Declaratory Judgment Act, to determine and establish title to certain patents, on the patent and trade mark laws of the United States, and on the right to injunctive relief thereunder."

In paragraphs 10 and 11 of the bill it is alleged that the patents and trade-marks have been and will be infringed by the defendant-appellee. The defendant denied the infringement and set up title to the patents and trade-marks in himself in his answer, and by way of counterclaim asked a declaratory judgment confirming his title to the patents and trade-marks.

The District Court in its findings of fact and conclusions of law dealt only with the

question of title. It found the plaintiff had no title and declined relief to defendant on his counterclaim because all the necessary parties were not before the court. From the District Court's judgment denying that plaintiff had title to the patents and trademarks and denying that he was entitled to relief under the Declaratory Judgment Act, 28 U.S.C.A. § 400, plaintiff appealed.

The question of jurisdiction was raised during oral argument and stands at the threshold of this case. Although plaintiff is a citizen of Illinois and defendant is an Illinois corporation with a regular and established business in Chicago, Illinois, federal jurisdiction will be sustained if the action is one "arising under the patent" or "trade-mark laws." 28 U.S.C.A. § 41(7). Inasmuch as the same rules of law regarding jurisdiction will apply to both patents and trade-marks, we shall treat the case as one involving only a patent.

Unfortunately, the line separating cases which arise under the patent laws, of which only the federal courts have jurisdiction, 28 U.S.C.A. § 371(5), from cases which do not so arise but merely involve a question of patent law, of which the state courts have jurisdiction, is not as clearly demarked as might be wished. It is clear, however, that not every case involving a patent is one "arising under the patent * * * laws." See Pratt v. Paris Gaslight, etc., Co., 168 U.S. 255, 259, 18 S.Ct. 62, 42 L.Ed. 458; Grip Nut Company v. Sharp, 7 Cir., December 11, 1941, 124 F.2d 814; Walker on Patents, Deller's Edition, Volume 3, pages 1596–97. Illustrative of this proposition are actions to collect royalties or to enforce contracts, in which the decision turns solely upon a determination of the parties' rights under a subsisting contract. Luckett v. Delpark, Inc., 270 U.S. 496, 46 S.Ct. 397, 70 L.Ed. 703; New Marshall Engine Co. v. Marshall Engine Company, 223 U.S. 473, 32 S.Ct. 238, 56 L.Ed. 513; Pratt v. Paris Gaslight, etc., Co., supra; Wilson v. Sandford, 10 How. 99, 51 U.S. 99, 13 L.Ed. 344. Obviously, actions in which the sole issues raised are those of validity of the patent or infringement are cases arising under the patent laws. No question exists as to the nature of the cases we have discussed so far.

As might be expected, the most troubling cases are those of a hybrid nature, cases in which the plaintiff has claimed rights under the patent laws and has alleged infringement of these rights, but in which the sole question, at least the first question to be determined, has been the interpretation of a contract or some other question unrelated to the patent laws.

The federal courts have many times been called upon to decide the jurisdictional question in such cases. It is unnecessary for us now to attempt an exhaustive review even of the United States Supreme Court decisions on this problem, since the more important of these decisions have been so often reviewed and analyzed. See Luckett v. Delpark, Inc., 270 U.S. 496, 46 S.Ct. 397, 70 L.Ed. 703; Excelsior Wooden Pipe Company v. Pacific Bridge Company, 185 U.S. 282, 22 S.Ct. 681, 46 L.Ed. 910; Atherton Machine Co. v. Atwood-Morrison Co., 3 Cir., 102 F. 949.

Although a review of these cases discloses some uncertainty in the earlier decisions, we believe the following principles are now established.

■ 1. If the plaintiff bases his action broadly on his rights under the patent laws and alleges infringement of those rights, the case is one arising under the patent laws and the federal courts have jurisdiction therein. Although the answer raises an issue foreign to the patent laws, for example, the existence or non-existence of a contract, or if the plaintiff in his complaint anticipates such a defense—even if subsequent pleadings show that the sole question to be determined is a matter of general law as opposed to patent law—yet the action is one arising under the patent laws. Healy v. Sea Gull Specialty Co., 237 U.S. 479, 35 S.Ct. 658, 59 L.Ed. 1056; The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716; Excelsior Wooden Pipe Co. v. Pacific Bridge Company, 185 U.S. 282, 22 S.Ct. 681, 46 L.Ed. 910; Littlefield v. Perry, 21 Wall. 205, 88 U.S. 205, 22 L.Ed. 577.

■■ 2. If, however, the action is one in which the plaintiff asks affirmative relief as a basis for his right to relief for infringement, then the action is not one arising under the patent laws. Such an action belongs properly in a state court, and federal courts have no jurisdiction therein, in the absence of diversity of citizenship. An allegation of infringement in such a case must be construed as an allegation that the plaintiff, after his title to the patent has been established by the court, will seek relief from infringement. Wilson v. Sandford, 10 How. 99, 51 U.S. 99, 13 L.Ed. 344; Luckett v. Delpark, Inc., 270 U.S. 496, 46 S.Ct. 397, 70

L.Ed. 703; Lion Mfg. Corporation v. Chicago Flexible Shaft Co., 106 F.2d 930.

We believe this action falls within the second class.

In Wilson v. Sandford, 10 How. 99, 101, 51 U.S. 99, 13 L.Ed. 344, "the object of the bill was to set aside a contract * * *" and also to obtain an injunction against the further use of the machine, upon the ground that it was an infringement of plaintiff's patent rights. The court held that this was not an action arising under the patent laws, saying: "Now the dispute in this case does not arise under any act of Congress; nor does the decision depend upon the construction of any law in relation to patents. It arises out of the contract stated in the bill; and there is no act of Congress providing for or regulating contracts of this kind. The rights of the parties depend altogether upon common law and equity principles. The object of the bill is to have this contract set aside and declared to be forfeited; and the prayer is, 'that the appellant's reinvestiture of title to the license granted to the appellees, by reason of the forfeiture of the contract, may be sanctioned by the court,' and for an injunction. But the injunction he asks for is to be the consequence of the decree of the court sanctioning the forfeiture. *He alleges no ground for an injunction unless the contract is set aside.* And if the case made in the bill was a fit one for relief in equity, it is very clear that whether the contract ought to be declared forfeited or not, in a court of chancery, depended altogether upon the rules and principles of equity, and in no degree whatever upon any act of Congress concerning patent rights." (Our italics.)

In Luckett v. Delpark, Inc., 270 U. S. 496, 46 S.Ct. 397, 399, 70 L.Ed. 703, the bill set forth plaintiff's title to certain patents, the creation of certain licenses and an assignment between plaintiff and defendants, and breach of the conditions of these agreements by the defendants. The bill also alleged infringement.[1] The prayer for relief asked that title to one patent be reassigned to plaintiff to remove a cloud on his title; that an order issue cancelling the aforementioned agreements; that an accounting be had; and that the defendants be enjoined from further use of the inventions concerned.

After reviewing many Supreme Court decisions, the court held on the authority of the Wilson case that the suit did not arise under the patent laws. The court said:

"We do not think that this suit arises under the patent laws. Its main and declared purpose is to enforce the rights of the plaintiff under his contracts with defendants for royalties and for pushing the sales of 'My Pal' garments. In addition he seeks the reconveyance of one patent on forfeiture for failure of condition to remove a cloud on his title and a cancellation of all agreements of license of the other for their breach in order presumably that, unembarrassed by his assignment and licenses, he may enjoin future infringement.

\* \* \* \* \*

"In the common feature of Wilson v. Sandford and the case before us, jurisdiction fails because the complainant in his bill seeks forfeiture of licensed rights in equity before he can rely on the patent laws to enjoin infringement of his patent rights and obtain damages therefor. There has been no variation from the authority and effect of the case cited on this point."

In answer to the contention that later cases had qualified the rule in the Wilson case, the court replied that later cases did not affect: "the principle, laid down in Wilson v. Sandford, that where a patentee complainant makes his suit one for recovery of royalties under a contract of license or assignment, or for damages for a breach of its covenants, or for a specific performance thereof, or asks the aid of the court in declaring a forfeiture of the license, or in restoring an unclouded title to the patent, he does not give the federal District Court jurisdiction of the cause as one arising under the patent laws. Nor may he confer it in such a case by adding to his bill an averment that after the forfeiture shall be declared, or the title to the patent shall be restored, he fears the defendant will infringe, and therefore asks an injunction to prevent it. That was Wilson v. Sandford."

In Lion Mfg. Corporation v. Chicago Flexible Shaft Co., 106 F.2d 930, 932, the plaintiff, claiming equitable title to a patent, brought an action against the holder of the legal title and the latter's licensee. The bill prayed for an injunction and an accounting, and that the legal titleholder be required

---

[1] The court said the purported allegation of infringement was insufficient, but the decision was not made on this basis

to assign to plaintiff legal title to the patent involved. Plaintiff contended that the suit was primarily one for infringement, injunctive relief, and the recovery of profits and damages, and incidentally for assignment of the patent. The defendants contended that the primary purpose of the bill was to compel the assignment of the patent.

In deciding the merits of these two contentions, this court said: "That the primary and controlling purpose of the bill was to compel an assignment of the legal title of the patent, by the defendants to the plaintiff, seems so certain as not to admit of serious dispute. The other relief sought was dependent thereon. The injunctive process of the court could not be invoked nor the claim of infringement maintained until and unless the plaintiff was entitled to and acquired legal title. True, plaintiff asserted its right to such title, but such assertion was appropriately denied. It follows that the issue thus made must be determined in favor of the plaintiff prior to the granting of the other relief sought. This being the situation, we think it is plain, under the authority of Luckett v. Delpark, [Inc.], 270 U. S. 496, 46 S.Ct. 397, 402, 70 L.Ed. 703, that the bill of complaint failed to state a cause of action 'arising under the patent laws' and that the District Court was without jurisdiction."

Considering the complaint in the present case in the light of the last three decisions discussed, we see that the complaint asks first that the court declare plaintiff's title to the patent in suit, and that it then give relief for infringement. Unless the first relief is granted, the plaintiff has alleged no cause for the second relief.

■ In the case at bar the gravamen of the action is one for the determination of title. It is Hamlet in this case. Infringement is an incident to the main question of title, to be reached secondarily. The question of title is the primary issue that must first be settled before the question of infringement can be reached. Plaintiff alleges no ground for injunctive relief for infringement until the controversy as to title is first settled. That is the issue upon which the case was tried below and upon a finding that the plaintiff had no title, judgment was accordingly entered against him. To decide the question of title required construction of Illinois statutes upon which the courts of Illinois had not passed. This court without jurisdiction should not pass upon the merits of this case as it stands between the parties on this record, the jurisdiction to decide which resides in the courts of Illinois. The right of the courts of Illinois to their jurisdiction to decide the question of title, which is the primary question and depends upon the construction of the Illinois statutes, should be jealously regarded.

■ Upon the authority, therefore, of Wilson v. Sandford, 10 How. 99, 51 U.S. 99, 13 L.Ed. 344; Luckett v. Delpark, Inc., 270 U.S. 496, 46 S.Ct. 397, 70 L.Ed. 703; and Lion Mfg. Corporation v. Chicago Flexible Shaft Co., 7 Cir., 106 F.2d 930, we hold that the District Court had no jurisdiction of this action. Cf. Leaver v. Parker et al., 9 Cir., 121 F.2d 738.

The order of dismissal of the District Court is modified, with directions to dismiss the suit for lack of jurisdiction and without prejudice.