Gus W. LANG,

v.

PATENT TILE COMPANY, Inc.
No. 14896.

United States Court of Appeals,
Fifth Circuit.

Nov. 4, 1954.

W. O. Mehrtens, Miami, Fla., Richard P. Schulze, Washington, D. C., Alfred E. Sapp, Miami, Fla., Webster G. Wallace, for appellant.

Forrest E. Gotthardt, Miami, Fla., Morehead, Forrest, Gotthardt & Orr, Chas. A. Morehead, Miami, Fla., for appellee.

Before BORAH, RIVES and TUTTLE, Circuit Judges.

RIVES, Circuit Judge.

Defects of the District Court's jurisdiction which are apparent on the face of the record must be noted by this Court *sua sponte*. Mansfield C. & L. M. Railway Co. v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462; Clark v. Paul Gray, Inc., 306 U.S. 583, 588, 59 S.Ct. 744, 83 L.Ed. 1001; Fennell v. John Hancock Mutual Life Ins. Co., 5 Cir., 177 F.2d 737, 738; Riley v. Titus, 89 U.S. App.D.C. 79, 190 F.2d 653, 655. On the day of the oral argument counsel were advised of this Court's doubts as to the jurisdiction of the District Court, and both parties have now furnished briefs on the subject.

The complaint is substantially copied in the footnote.[1] Jurisdiction of the Dis-

1.    "I.
"Plaintiff is a Florida corporation with its principal · place of business in Dade County, Florida, and the defendant is a resident of the Southern district of Florida. The amount involved in this controversy exceeds the sum of $3,000.00, exclusive of costs and interest, and jurisdic-

tion is conferred by Tit. 28 U.S.C.A. Sec. 1338.
            "II.
"In July, 1949, for good and valuable consideration, the defendant executed and delivered to the plaintiff an instrument captioned 'Assignment of Interest in United States Letters Patent No. 2,443,-

trict Court was claimed on the sole basis that the action arises under the patent laws.[2] We think that what was said in the early case of Wilson v. Sandford, 10 How. 99, 51 U.S. 99, 101, 13 L.Ed. 344, holds true here: "Now the dispute in this case does not arise under any act of Congress; nor does the decision depend upon the construction of any law in relation to patents. It arises out of the contract stated in the bill; * * *."[3] The action does not depend upon the construction or application of 35 U.S.C.A. § 47,* relating to the assignment of patents and applications.[4] The primary and controlling purpose of the complaint was to secure an interpretation of the assignment, plaintiff's Exhibit A. The prayers for injunction and for damages as to any infringement are conditioned on securing an interpretation of the as-

signment favorable to the plaintiff. Questions under the patent laws may arise in the course of the litigation, but this is not a case arising under those laws.[5]

■■ The Federal Declaratory Judgments Act, 28 U.S.C.A. §§ 2201, 2202, created a new remedy, but did not enlarge federal jurisdiction.[6] In Milwaukee Gas Specialty Co. v. Mercoid Corp., 7 Cir., 104 F.2d 589, 592, relied on by appellee, it was said:

"We are of the opinion, therefore, that a petition under the Declaratory Judgment Act seeking the judgment of the court whether the respondent's patent was valid, and, if so, whether it was infringed by petitioner is a suit under the patent laws, and that the district court in

683', a copy of which is attached hereto and marked Exhibit 'A'.

"III.

"The said instrument, as reference to it will more fully reveal, purported to transfer unto the plaintiff certain rights pertaining to the above numbered letters patent in the State of Florida.

"IV.

"Plaintiff contends and alleges that a proper interpretation of plaintiff's Exhibit 'A' would indicate that plaintiff had thereby acquired the exclusive right to build and construct tile making machines according to Letters Patent No. 2,443,683, to sell or lease said machines and to license others to use said machines for the purpose of manufacturing roofing tile in the State of Florida. The defendant, on the other hand, contends that no such exclusive right was assigned or transferred by the said instrument, and that the said instrument in effect was no more than a license. There is an actual controversy between the parties concerning the interpretation of the aforesaid assignment, plaintiff's Exhibit 'A'.

"Wherefore, plaintiff respectfully prays the Court to:

"A. Assume jurisdiction of this cause.

"B. Interpret the assignment, plaintiff's Exhibit 'A'.

"C. Upon final hearing in this cause, to issue its permanent injunction against this defendant, as well as anyone claiming by or through him, enjoining any infringement of the patent rights of the plaintiff.

"D. Award to the plaintiff such damages as it may have suffered for any such infringement committed up to the time of the entry of final decree herein.

"E. Such other and further relief as to the Court may seem just and proper."

2. 28 U.S.C.A. § 1338(a) reads:
"The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, copyrights and trade-marks. Such jurisdiction shall be exclusive of the courts of the states in patent and copyright cases."

3. See also Luckett v. Delpark, 270 U.S. 496, 504, 46 S.Ct. 397, 70 L.Ed. 703.

* Now 35 U.S.C.A. § 261.

4. See Smith Separator Corporation v. Dillon, 10 Cir., 98 F.2d 521, 523.

5. Lion Mfg. Corporation v. Chicago Flexible Shaft Co., 7 Cir., 106 F.2d 930; Laning v. National Ribbon & Carbon Paper Mfg. Co., 7 Cir., 125 F.2d 565; Measurements Corp. v. Ferris Instrument Corp., 3 Cir., 159 F.2d 590; 40 Am.Jur., Patents, Sec. 170, p. 653; Annotation 167 A.L.R. pp. 1114, 1118.

6. Aetna Life Insurance Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617; Magic Foam Sales Corp. v. Mystic Foam Corp., 6 Cir., 167 F.2d 88; Wells v. Universal Pictures Co., 2 Cir., 166 F.2d 690; Moore's Commentary on the U. S. Judicial Code, p. 59.

**256**

the Eastern District of Wisconsin had jurisdiction."

That is a typical illustration of a case already within the jurisdiction of the district court in which declaratory judgment might be used as a remedy, and is very different from the present case where the disputed issue is not the validity of the patent but the interpretation of a collateral contract.

The judgment is, therefore, vacated and the cause remanded with directions to dismiss the complaint. See 28 U.S. C.A. § 2106.

Vacated and remanded with directions.