**DESIGN SCIENCE TOYS, INC., Plaintiff,**

v.

**Regis A. McCANN, Defendant.**

**No. 96 Civ. 3980 (JSR).**

United States District Court, S.D. New York.

July 23, 1996.

John James Dalton, Rhinebeck, NY, for Plaintiff.

Heslin & Rothenberg, P.C., Robert E. Heslin, and Wayne F. Reinke, Albany, NY, for Defendants.

*MEMORANDUM OPINION*

RAKOFF, District Judge.

On July 12, 1996, the Court, after hearing oral argument, granted plaintiff's Motion to remand the case to New York State Supreme Court, from whence it had been removed by defendant. This opinion will briefly recapitulate some of the reasons for this decision, as elaborated more fully in open court on July 12.

Plaintiff, Design Science Toys, Inc., a New York corporation engaged in the design, manufacture, and distribution of toys, commenced this action on May 1, 1996 against one of its former employees, defendant Regis A. McCann. The Complaint, filed in New York State Supreme Court, Dutchess County, alleged breach of contract and related claims arising from a dispute over the ownership of a patent on a toy called the "Fee–Bee." On May 24, the defendant removed the case to the District Court for the Southern District of New York, seeking to have it eventually transferred to the Northern District of New York, where he resides. Plaintiff promptly moved for an order remanding the case to the State Supreme Court. Defendant cross-moved for transfer to the District Court for the Northern District of New York. After full briefing of both motions, the Court, as indicated, heard oral argument on July 12, 1996, after which it rendered a decision from the bench, granting the motion for remand and denying as moot the cross-motion for transfer to the Northern District of New York.

■ There is no diversity of citizenship between the parties. Rather, the sole alleged basis for the original removal is the claim that the lawsuit arose under the patent laws of the United States. See *Mechanical Plastics Corp., v. The Rawlplug Company, Inc.,* 119 A.D.2d 641, 643, 501 N.Y.S.2d 85 (2d Dept.1986); *Air Products and Chemicals, Inc., v. Reichhold Chemicals, Inc.,* 755 F.2d 1559, 1562 (Fed.Cir.1985). For two independently sufficient reasons, however, the Court concludes that there are no patent law issues in this case.

■ First, the Complaint itself raises no such issues. This is obvious with respect to the alleged causes of action, all of which are couched in terms of state law claims. While, to be sure, the resolution of some of these claims requires determination of which party has ownership rights to the Fee–Bee patent, the fact that a patent is the property that is the subject of a contractual or ownership claim does not make that claim any less a question of state law, and therefore is not a basis for removal. See *Wilson v. Sandford,* 51 U.S. (10 How.) 99, 13 L.Ed. 344 (1850); *Air Products and Chemicals, Inc.,* at 1562. While defendant contends that one sentence of one paragraph of the thirty-sixth cause of action states a claim for patent infringement—"That, on information and belief, defendant has in fact collected sums of money from the said Howard Fleischer in respect of the FeeBee toy pursuant to defendant's unilateral and unauthorized agreement with Fleischer." (Complaint at ¶ 36)—in the context of the surrounding paragraphs, this is actually no more than a claim of breach of fiduciary duty, or a claim for constructive trust, arising from the misappropriation of patented property by an errant employee. Similarly, while prayers for relief 2, 5, and 6 contain somewhat ambiguous language that might be read as demanding relief from or on account of patent infringement, in the context of the rest of the Complaint, the more reasonable reading of these prayers is for relief from contractual and other state-law breaches. The instant case is, therefore, distinguishable from *Air Products and Chemicals, Inc.,* a case found by the Court of Appeals to arise under the patent laws because "the essential features [of the Complaint]" were allegations of patent infringement and the relief sought was characteristic of the kind of relief granted by the patent laws. *Air Products and Chemicals, Inc.,* at 1563. Accordingly, the Court concludes that, on its face, the Complaint does not contain patent law issues subject to the Court's subject matter jurisdiction.

Alternatively, the jurisdictional question has been resolved by the fact that, during the hearing of July 12, counsel for the plaintiff, flatly disclaiming any intent of raising any patent infringement claim, entered in open court into an unambiguous and binding stipu-

lation that plaintiff would never claim or contend that the instant action raised any patent infringement claim or other federal cause of action. "[T]he party who brings suit is master to decide what law he will rely upon." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1912). By his stipulation, made at virtually the outset of this litigation, plaintiff has effectively disclaimed any federal claim that might otherwise be said to be lurking in his Complaint, reserving only his right to bring a separate federal action in a separate federal complaint if he discovers any such claim. There is no reason why such a stipulation should not be given effect, so as to strip this case of any federal claim otherwise found there by implication.

Accordingly, it is hereby ordered that plaintiff's motion to remand is granted, defendant's motion to transfer is denied, and this action is hereby remanded to New York State Supreme Court.

SO ORDERED.

The Clerk of the Court to enter judgment.