W. W. SLY MFG. CO. v. PANGBORN CORPORATION.

(District Court, D. Maryland. March 3, 1920.)

1. PATENTS ⊚⇒328—FOR DUST COLLECTOR VALID AND INFRINGED.

The Sly patent, No. 710,624, for a dust collector, *held* valid, not limited to one with a vibratory partition, and infringed.

2. PATENTS ⊚⇒32—PRESUMPTION OF VALIDITY STRENGTHENED BY EXTENSIVE USE.

The presumption that a patent is valid is reinforced by proof that the patented device has gone into extensive use.

3. PATENTS ⊚⇒167(2)—USE OF DRAWING NUMBER OR LETTER NOT LIMITATION TO PRECISE FORM SHOWN.

The mere use in a patent claim of a drawing number or letter does not necessarily limit the patentee to the precise form shown in the drawings, if such limitation is not required by the prior state of the art.

4. PATENTS ⊚⇒168(1)—POINTING OUT MATTER AS DISTINGUISHING DEVICE FROM EARLIER ONES NOT AN ESTOPPEL, WHEN CLAIM NOT MODIFIED.

That a patentee, in an argument with the examiner, found in the vibratory characteristic of a feature of his device one of several distinctions which he drew between his device and earlier ones, did not raise an estoppel, where there was no modification of the claim in consequence thereof.

5. PATENTS ⊚⇒301(3)—INJUNCTION OF INFRINGEMENT DENIED, WHERE PATENT HAD EXPIRED.

Where a patent expires pending suit for its infringement, plaintiff will not be granted an injunction.

In Equity. Suit by the W. W. Sly Manufacturing Company against the Pangborn Corporation. Decree for plaintiff.

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

John B. Hull and Charles E. Brock, both of Cleveland, Ohio, and Frank V. Moale, of Baltimore, Md., for plaintiff.

Edwin F. Samuels, of Baltimore, Md., and Otto Munk, of New York City, for defendant.

ROSE, District Judge. The plaintiff says that defendant has infringed the second claim of its patent, No. 710,624, issued October 7, 1902, to William W. Sly, for a dust collector, particularly useful in handling mineral dust.

[1, 2] Defendant denies both validity and infringement. A number of prior patents are put in evidence. There is probably not an element of Sly's device which may not be found in one or more of them, but none of them appear to contain the precise invention described and claimed by him. The ordinary presumption that the patent is valid is here reinforced by the verdict of the market. The plaintiff has proved, without attempt at contradiction, that the device has gone into extensive use, and that many owners of foundries and similar establishments have paid large sums for it. Upon the present record, it must be held that defendant's attack upon it has failed.

[3] The question as to whether it has or has not been infringed admittedly depends upon whether the partition, which is an element of the claim in suit, is necessarily required to be a vibratory one. In the claim it is referred to as "the partition *10;*" the numeral being that by which the partition is designated on the patent drawings. As there shown, it does vibrate. The mere use in a claim of a drawing number or letter does not necessarily limit the patentee to the precise form shown in the drawings. McCormick Harvesting Machine Co. v. Aultman, 69 Fed. 371, 16 C. C. A. 259. Whether it does, or does not, depends chiefly upon whether such a limitation is required by the prior state of the art. In this case it is not. Defendant has copied plaintiff's structure, except that it has made its partition stationary. Even then, the operation of its device as a whole is that of plaintiff's, and not that of the earlier patentees.

[4] Nor does the course of proceedings in the Patent Office work an estoppel upon plaintiff. It is true that the patentee, in one of his arguments with the examiner, found in the vibratory characteristic of his partition one of several distinctions which he drew between his device and that of one of the earlier patents. No modification of his claim was made in consequence of this discussion, and, except for a correction of a purely clerical error, it was allowed as it had been at first presented. The authorities are clear such circumstances do not raise an estoppel.

[5] Plaintiff is consequently entitled to a decree for an accounting, but as, since suit was brought, the patent has expired, it may not have an injunction.