## PANGBORN CORPORATION v. W. W. SLY MFG. CO.[*]

(Circuit Court of Appeals, Fourth Circuit. October 21, 1922.)

No. 1962.

1. **Patents ⊚⟹328—710,624, for a dust collector, valid and infringed.**

The Sly patent, No. 710,624, for a dust collector, *held* valid and infringed.

2. **Patents ⊚⟹237—Merely formal changes do not avoid infringement.**

Alterations or changes in a patented device, which are merely formal, do not avoid infringement.

3. **Patents ⊚⟹112(3)—That a device meets a recognized want is evidence of invention.**

That a patented device met a recognized want, was allowed by the Patent Office, and came into extensive use is persuasive of invention, when doubtful.

4. **Patents ⊚⟹167(2)—Claim not limited by reference to element by number or letter.**

Reference in a claim to an element of a combination by the letter or number by which it is designated in the drawings does not necessarily limit the claim to the precise form of the element as shown in the drawings.

5. **Patents ⊚⟹168(1)—Plain language of claims not controlled by argument in Patent Office.**

Argument of an applicant before the Patent Office as to the special features of his invention cannot control or restrict the plain language of a claim allowed as presented.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge.

Suit in equity by the W. W. Sly Manufacturing Company against the Pangborn Corporation. Decree for complainant, and defendant appeals. Affirmed.

For opinions below, see 263 Fed. 394, and 276 Fed. 971.

William F. Hall and James T. Newton, both of Washington, D. C., for appellant.

Charles E. Brock, of Cleveland, Ohio (J. B. Hull, of Cleveland, Ohio, on the brief), for appellee.

Before KNAPP, WOODS, and WADDILL, Circuit Judges.

WOODS, Circuit Judge. [1] The plaintiff sues for infringement of claim 2 of patent 710,624 for a dust collector, issued October 7, 1902, to William W. Sly. The claims allowed by the Patent Office are as follows:

1. A dust collector, comprising a casing divided into two chambers by a vibratory partition and a series of vertically arranged screens, said screens being supported on a partition at one edge only, the remaining edges being free, and hammers arranged to strike the screens at the supported side at opposite ends alternatively.

2. In a dust collector, in combination, the casing *6*, the partition *10* therein, the screens *9* supported at one edge of the partition, means to jar the partition, and inlet and exhaust pipes for the casing.

The defendant denies both validity and infringement. The District Court found the patent valid and infringed.

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 260 U. S. —, 43 Sup. Ct. 249, 67 L. Ed. —.

The defendant contends: First, that plaintiff's device is covered entirely by the prior art in all its essentials, and not patentable; second, that, if patentable, the only feature which distinguishes the combination from earlier patents is the vibratory partition mentioned in claim 1; third, that to sustain claim 2 "the partition *10*" therein mentioned must be held to be a vibratory partition; fourth, defendant has not infringed, because in its device the partition is firm, and not vibratory.

Neither the Sly patent nor any that preceded it involved ingenuity of a high order. Everybody interested in processes which produced dust-laden air in industrial plants knew the importance of getting rid of it. Everybody also knew that screens with meshes small enough would arrest dust, and that the dust would accumulate on the screens, so as to prevent the passage of air. The problem in the art was to catch the dust on the screens, and dispose of the dust and the cleansed air in the most convenient and economical way.

It is true that Wilson and other prior patentees applied to the problem of collecting and disposing of dust in industrial plants the same mechanical laws as Sly used. They used screens and fans, and means to strike the screens, so as to free them from accumulated dust. Sly's patent is a narrow one, consisting chiefly of a new and improved combination of these things already known and used. The features of Sly's combination, which distinguish it from the Wilson patent and the Swiss patent, bring it very close to the elusive line which separates mechanical skill and invention. Our study of it and the prior art leads to the conclusion, however, that it did embody an ingenious, useful, and new structural combination for forcing the air from one chamber to another through screens, and collecting and disposing of the dust, not only novel in arrangement and combination, but superior to all prior patents in simplicity and convenience.

[2] The vibratory element of the partition is doubtless an advantage, but it is not the only support for the patent. The prior art does not show Sly's combination of a casing divided into two chambers by means of a series of screens and a partition on which the screens are supported at one edge, inlet and exhaust pipes, and means of jarring the screens. Such a combination is patentable, and although not pioneer or initiative the patent covers equivalent ingredients, which in the same arrangement of the parts will perform the same function. Alterations or changes which are merely formal do not constitute a defense to a charge of infringement. Gill v. Wells, 22 Wall. 1, 22 L. Ed. 699; Imhaeuser v. Buerk, 101 U. S. 647, 25 L. Ed. 945; Miehle Printing Press & Mfg. Co. v. Whitlock Printing Press & Mfg. Co., 223 Fed. 647, 650, 139 C. C. A. 201; Deering v. Winona Harvester Works, 155 U. S. 286, 15 Sup. Ct. 118, 39 L. Ed. 153.

[3] The evidence that plaintiff's device met a recognized want, was allowed by the Patent Office, and came into extensive use in foundries and other like dust-producing plants, requires us to solve our doubts in its favor. Diamond Rubber Co. v. Consolidated Rubber Tire Co., 220 U. S. 428, 441, 31 Sup. Ct. 444, 55 L. Ed. 527.

[4] Defendant insists that there was no infringement, chiefly on

the ground that plaintiff's patent called for a vibratory partition, while defendant's partition is firm and without vibration. Claim 1 of plaintiff's patent expressly calls for division of the chambers by "a vibratory partition." While claim 2 refers to "partition *10*," it omits the limiting description "vibratory." The omission is important, and will be construed to indicate an intention of distinction between the two claims. Mast, Foos & Co. v. Dempster Mill Mfg. Co., 82 Fed. 327–333, 27 C. C. A. 191. The reference to the "partition *10* " does not limit the patentee to the precise form shown in the drawing or in a different claim. The reasonable rule, which now seems best supported by authority, is thus well stated in Curry v. Union Electric Welding Co., 230 Fed. 422, 426, 144 C. C. A. 564, 568:

"The name of a part, as an element of a claim, of necessity, carries us to the specification to see what that part is, and the reference letter in connection with the part does not naturally do more. In either case, the claim refers to the named part, in the form shown in the specification and drawings, or in any other form which is the equivalent of the form shown; and in determining equivalency, we cannot, usually, get aid from any supposed limitation arbitrarily to be implied from the use of the reference letter."

But the application of this rule depends on circumstances.

"There are cases wherein the form of a device is the principle of the invention. There are other cases wherein the state of the prior art and the specific terms of the specification and drawings leaves no doubt of the intention of the applicant to restrict his claim to the specific form of the device or element he points out. In such cases, claims of patents are sometimes limited to the specific forms of the devices pointed out by letters or numbers in the claims or specifications." National Hollow Brake-Beam Co. v. Interchangeable Brake-Beam Co., 106 Fed. 683, 714, 45 C. C. A. 544, 565; Weir v. Morden, 125 U. S. 98, 107, 8 Sup. Ct. 869, 31 L. Ed. 645.

[5] Defendant's counsel argue with force that under the circumstances in this case plaintiff should be held to Sly's own construction of his patent, as shown by his letter to the Commissioner of Patents. The original application set out five claims. All were rejected except the fifth, which afterwards became claim 2, now in suit. Afterwards the claims were amended and reduced to three. The examiner then rejected all of them, as not distinguished from the Wilson patent in any essential particular. Sly then canceled all except two claims, and amended them to read as above set out. In transmitting this amendment he wrote to the Commissioner:

"The claims are clearly distinguished from Wilson, in that the screens are supported on a vibratory partition. This function is important, and, judging from the Office letter of May 16th, it does not appear to be appreciated. Also, the screens of applicant are free at three edges, whereas in Wilson the screens are attached at one edge to the rod *17* and at the other by the cloth *26*, and clearly do not possess the freedom of vibration effected by the hammer strokes directly against the screens of the applicant, furthermore the hammers of Wilson do not strike the screens at the supported side, nor at opposite ends alternately. Claim 3 has once been allowed. Please change the number thereof to 2."

The claims as amended by Sly were allowed. The argument is that Sly, having relied on these features set out in his letter to distinguish his invention from prior patents, is limited to them, and cannot allege infringement by defendant whose device does not contain any of them.

"When a patentee, on the rejection of his application, inserts in his specification, in consequence, limitations and restrictions for the purpose of obtaining his patent, he cannot, after he has obtained it, claim that it shall be construed as it would have been construed if such limitations and restrictions were not contained in it." Roemer v. Peddie, 132 U. S. 313, 317, 10 Sup. Ct. 98, 99 (33 L. Ed. 282). Crawford v. Heysinger, 123 U. S. 589, 606, 8 Sup. Ct. 399, 31 L. Ed. 269.

This rule does not apply here, where the language of the claims does not require the limitations and restrictions. There is no ambiguity in the claims. One calls for a vibratory partition; the other does not. Both were allowed exactly as presented. The arguments of the patentee are often valuable in showing what invention the applicant meant to patent in a rejected claim, to the end that he may be estopped to claim that an allowed claim covered the same things as the rejected claim. But such argument cannot control or restrict the plain language of the claim allowed as presented. Spalding v. Wannamaker, 256 Fed. 530, 167 C. C. A. 602; Baltzley v. Spengler Loomis Mfg. Co. (C. C. A.) 262 Fed. 423; Auto Pneumatic Action Co. v. Kindler & Collins, 247 Fed. 323, 159 C. C. A. 417.

On the questions of interest and taxes and other issues we are unable to add anything to the full and satisfactory opinion of the District Judge.

Affirmed.