*67 OPINION.
Love :
Petitioner was the owner of a patent under which it was manufacturing certain devices. The Pangborn Corporation was *68 guilty of an infringement upon petitioner’s patent rights. In an equity proceeding in a Federal court in Maryland petitioner obtained a decree awarding it, in effect, the acquisition from the Pangborn Corporation of $20,017.72 with interest until paid. In 1923, with accumulated interest, there was paid to petitioner as a result of that decree $30,108.94, which the Commissioner determined was taxable income to petitioner in 1923.
Patent infringements give rise to actions in damages. The cause of action sounds in tort, and is, technically, legal, as distinguished from an equitable cause of action. See R. C. L., vol. 20, pp. 1174-1175, and cases there cited.
The measure of damage in such cases is the amount of profits which the owner of the patent has failed to realize by reason of the wrongful act of the infringer. It does not always or necessarily follow that the owner has suffered any damage whatever by reason of sxich infringement. The amount of damage, if any, is a matter of proof.
The courts, however, have recognized a procedure in equity by which the owner may sue the infringer and ask not a payment for damages which he has suffered, but a decree for the profits which the infringer has realized. See R. C. L., vol. 20, p. 1176, and cases there cited.
The last mentioned procedure is the one adopted by petitioner in its suit against the Pangborn Corporation.
There was some evidence before the Board at the hearing of this proceeding to the effect that petitioner had suffered some damage by reason of the infringement of its patent rights, but evidently no such evidence was submitted in the case against the Pangborn Corporation. The amount of such damage, if any, was not an issue in that case. The sole issue there was the amount of profits realized by the Pangborn Corporation out of the use by it of petitioner’s invention, or one so nearly like it as to constitute an infringement. It follows, therefore, that we are not concerned in this proceeding with reference to the amount of petitioner’s damage, if any, caused by such infringement.
It was income to petitioner in 1923. The inquiry presented by petitioner is, was it ever taxable income ? Petitioner contends that it does not come within the ambit-of the definition of income given by the Supreme Court in Eisner v. Macomber, 252 U. S. 189. It is useless to quote that definition here. It is concise, and yet very comprehensive.
We believe that the income here involved comes within the definition referred to.
No income tax has been paid by petitioner on the $30,108.94 which was received by it in 1923. It was not legally entitled to that money *69 prior to 1923, and never became legally entitled to receive from the Pangborn Corporation any more or any less than $30,108.94. That amount was not an accruable item prior to 1923 and was not accrued on its books prior to that year and, hence, is taxable income for 1923.

Judgment will he entered for the respondent.