**ANTHONY COMPANY and The Heil Company, Plaintiffs-Appellants,**

v.

**The PERFECTION STEEL BODY COMPANY, Defendant-Appellee.**

**No. 14842.**

United States Court of Appeals
Sixth Circuit.

Decided March 27, 1963.

William C. McCoy, Cleveland, Ohio, Wm. C. McCoy, Jr., McCoy, Greene & TeGrotenhuis, Cleveland, Ohio, Parker & Carter, Leslie Parker, Howard T. Markey, Chicago, Ill., Morsell & Morsell, Arthur Morsell, Milwaukee, Wis., on brief for appellants.

Fred Ornstein, and Robert W. Poore, Cleveland, Ohio, Isler & Ornstein and Jones, Day, Cockley & Reavis, Cleveland, Ohio, on brief for appellee.

Before WEICK and O'SULLIVAN, Circuit Judges, and BOYD, District Judge.

WEICK, Circuit Judge.

Three rival inventors, Fields, Glick and Wood, had applications for patents pending in the Patent Office at the same time, which were filed within a period of three months. Each application related to improvements in hoisting a frameless dump trailer.

Because the Patent Office was of the view that the three patent applications

contained common subject matter and claims for substantially the same invention, it initiated an interference proceeding to determine priority of the invention as set forth in the count or claim of the interference.[1] Thereafter a settlement of the interference was made which conceded priority of invention in favor of the Fields application in exchange for nonexclusive royalty-free licenses from Fields to Wood and Glick or their assignees. Fields subsequently obtained Patent No. 2,846,267 on his application without any contest from Glick or Wood.

The Fields application for patent was assigned to Anthony Company which also has a license from Glick. Heil is the owner of the Glick application. The Perfection Steel Body Company is the assignee of Wood, whose application matured into Patent No. 2,988,399.

Anthony and Heil sued Perfection in the District Court for infringement of Fields' Patent No. 2,846,267. Perfection defended on grounds of invalidity of the patent because of lack of invention, prior public use or sale and immunity under the license agreement which settled the interference proceeding. Perfection conceded infringement. The District Judge, in a carefully prepared opinion, which is contained on thirty-one pages of the printed record, decided all issues submitted to him in favor of the defendant and dismissed the complaint. Anthony and Heil have appealed to this Court from the order of dismissal.

Although the District Court and the parties here discussed the license defense last, we will take it up first because in our view it is controlling.

The license agreement from Anthony to Perfection granted to the latter "the irrevocable, nonexclusive, royalty-free license to manufacture, use and sell devices embodying subject matter disclosed in said Louis S. Wood application Serial No. 530,576 and within the invention of the count of said interference."

None of the parties to the interference proceeding in the Patent Office made any claim there that any of the applications for patent did not disclose common subject matter as defined in the count or claim. Anthony now contends that the infringing trailers made by Perfection were not disclosed in the Wood application and consequently it has no license to use such trailers under the Fields patent. Anthony conceded, however, "that the count of interference could be read on both the Fields' and Wood units." This contention requires consideration of the Wood application and the Fields patent.

The Wood application for patent disclosed two types of hydraulic frameless dump trailers. In essence, the first type provided for elevating the front of the trailer body to a dumping position solely by means of the thrust of a hydraulic cylinder assembly. The second type disclosed a block and tackle arrangement in addition to the hydraulic cylinder which was intended to facilitate the elevation of the trailer body at a greater degree beyond the stroke of the hydraulic cylinder.

In the first type, the frameless trailer body was pivotally connected to a plate

1. The count of the interference was as follows: "In combination an automotive tractor, a trailer attachment means thereon, a foot member removably supported by said trailer attachment means and movable with respect thereto when so supported, a load-carrying body, ground-contacting supporting members for said load-carrying body connected thereto at a point separated from the point of attachment to said tractor, draft means movably joined to said foot member and movably connecting said tractor and said load-carrying body, a fluid pressure piston and cylinder assembly movably mounted upon said foot member and movably connected to said load-carrying body, and means carried by said tractor for supplying pressure fluid to said piston and cylinder assembly to cause its elongation and thereby to raise the forward end of the body to tip it, raising of the body for tipping being effective to cause relative movement of the body and tractor whereby the ground-contacting members of the body and the tractor approach each other."

by means of radius rods or stiff arms upon which plate was mounted a hydraulic cylinder assembly which engaged the front end of the body. The plate was designed for attachment to the conventional fifth wheel of a tractor. In operation the extension of the hydraulic cylinder pushes up against the front of the trailer body causing the wheels of the trailer to move toward the tractor wheels thereby elevating the trailer body to a dumping position.

The Wood application states "As the body 13 is elevated to the limit of the stroke of the hydraulic rams, the dumping or discharge of the material takes place."

The Wood application expressly states the reason for the second type of trailer as follows:

"The foregoing described hoist arrangement is efficient and satisfactory if the body 13 is only required to have a moderate degree of elevation, i. e., a maximum angularity to the horizontal of about 30 degrees. If a greater degree of angularity is required, say, 45 degrees to 60 degrees, practical considerations of the size of cylinder required to produce the requisite length of elevating stroke would present problems of design and operation. In view of the practical problems involved, I have provided a hoist arrangement which utilizes the above-described structure, but which is not directly limited in its degree of elevation by the maximum stroke of the hydraulic ram."

The Wood application then described the block and tackle arrangement and its operation. The drawing attached to the application describes only the second type of trailer.

The Fields patent, as described by counsel for appellants in their brief, provides: "A hydraulic hoist mounted on the upper fifth wheel plate 7, lifts the front of the trailer and causes the trailer body to pivot around the draft arms 17. The draft arms are placed in tension by the trailer body, and the rear wheels of the trailer are pulled toward the rear wheels of the tractor as the trailer body is elevated."

It is the contention of Anthony and Heil that Perfection may use only the second type of trailer which involved the block and tackle arrangement in addition to the hydraulic cylinder assembly and that it may not use the first type of hydraulic cylinder assembly alone.

[1, 2] We do not think that the license agreement should be so narrowly construed. It is clear to us, as it was to the District Court, that the Wood application disclosed both types of dump trailers. The fact that the drawings attached to the Wood application described only the second type of trailer does not militate against this position. It was not necessary that the patent drawings illustrate every embodiment of the invention, particularly where the specifications are adequate as here. Chicago Pneumatic Tool Co. v. Hughes Tool Co., 97 F.2d 945 (C.A.10). In determining the disclosure, resort must be had to the specifications as well as the drawings. Minerals Separation North American Corp. v. Magma Copper Co., 280 U.S. 400, 50 S.Ct. 185, 74 L.Ed. 511; Baldwin Rubber Co. v. Paine & Williams Co., 99 F.2d 1 (C.A.6). The entire instrument must be construed and not merely part of it. 69 C.J.S. Patents, § 190a.

It is our opinion that the first type of hydraulic frameless trailer disclosed in the Wood application embodies substantially the same subject matter as Fields' patent, particularly when compared with Claims 10 and 12 of the patent. Both inventions are combinations of old elements involving hydraulic hoists and radius rods or stiff arms mounted upon a plate pivotally connected to the trailer body which plate may be attached to the fifth wheel of a tractor.

In our judgment, the Wood application constituted a sufficient disclosure of the hydraulic type frameless trailer so as to bring it within the scope of the license agreement.

Although the Wood application states that when the hydraulic cylinder is in operation, in the first type of trailer, the radius rods are in compression, it would appear from the evidence that this was an error as they are in tension. In the second type of trailer when the block and tackle arrangement is in operation, the radius rods are in compression. It is not of consequence that Wood may have been mistaken as to the nature of the scientific principle involved in his disclosure. Eames v. Andrews, 122 U.S. 40, 56, 7 S.Ct. 1073, 30 L.Ed. 1064.

Another point worthy of mention is that with the use of a cylinder assembly with a longer stroke it was probably not essential to have the block and tackle arrangement. But since Wood disclosed the use of the hydraulic cylinder alone in the first type of trailer, we think he could still use it without limitation as to the length of the stroke even though he thought it preferable to use the block and tackle for elevating the trailer body to a higher degree. Eames v. Andrews, supra.

Since Perfection's trailer was disclosed in Wood's application for patent it made no difference whether the trailer also infringed other claims in Fields' patent not disclosed by Wood. These would be included in the license by implication. Frederick B. Stevens, Inc. v. Steel & Tubes, Inc., 114 F.2d 815 (C.A.6); National Rubber Machinery Co. v. McNeil Machine & Engineering Co., 132 F.2d 436 (C.A.6); Cold Metal Process Co. v. Republic Steel Corp., 233 F.2d 828 (C.A.6).

A valid license to make, use or sell a machine is a complete defense to an action for infringement. DeForest Radio, Telephone & Telegraph Co. v. United States, 273 U.S. 236, 241, 47 S.Ct. 366, 71 L.Ed. 625; Talbot v. Quaker-State Oil Refining Co., 104 F.2d 967 (C.A.3); Withington-Cooley Mfg. v. Kinney, 68 F. 500, 507 (C.A.6); 69 C.J.S. Patents, § 313a.

Inasmuch as the license defense is controlling, we do not reach the issue of validity of the patent. Frederick B. Stevens, Inc. v. Steel & Tubes, Inc., supra, 114 F.2d 816.

The judgment of the District Court is affirmed.