## MATTER OF TSACONAS

### In Deportation Proceedings

#### A-13452135

*Decided by Board July 27, 1967*

Notwithstanding she alleges that she misrepresented her status to gain admission to the United States, respondent, who is charged with deportability under section 241(a)(2), Immigration and Nationality Act, in that after admission as a nonimmigrant temporary visitor for pleasure she remained longer than authorized, does not come within the purview of section 241(f) of the Act since fraud or misrepresentation is not essential to the establishment of the ground of deportation involved.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251]—Nonimmigrant (temporary visitor for pleasure)—remained longer.

ON BEHALF OF RESPONDENT: Melvyn E. Stein, Esquire
One North LaSalle Street
Chicago, Illinois 60602

This case is before us on appeal from a special inquiry officer's order of June 9, 1967, granting the respondent the privilege of voluntary departure, but providing for her deportation from the United States to Greece, on the charge contained in the order to show cause, in the event of her failure to so depart. The appeal will be dismissed.

The record relates to a 38-year-old divorced female alien, a native and citizen of Greece, who last entered the United States on or about October 14, 1965. She was then admitted as a nonimmigrant temporary visitor for pleasure for a period until April 13, 1966. She has remained here since that date without authority.

The foregoing establishes the respondent's deportability on the charge contained in the order of show cause. This was conceded in the course of the hearing before the special inquiry officer and is unchallenged here. This aspect of the case needs no further discussion.

The special inquiry officer has already granted the respondent the privilege of voluntary departure. Suffice it to say, in this connection, the record before us supports said official's action in this respect.

The respondent declined to name a country of deportation, and was informed that her deportation would be directed to Greece if it was required by law. She was then granted a period of ten days, until June 5, 1967, as provided by regulation, within which to apply for temporary withholding of her deportation to Greece, under the provisions of section 243(h) of the Immigration and Nationality Act (8 U.S.C. 1253). Counsel and the respondent were advised that if no application for such relief was filed within the alloted time, the hearing-would be considered closed and the decision would then be made on the record. No application for relief under section 243(h) of the Immigration and Nationality Act has been received to date. Additional comment on this aspect of the case, accordingly, is unnecessary.

We find no merit in the respondent's claim that these proceedings should be terminated because respondent did not have seven days from the date of receipt of the order to show cause instituting these proceedings until the hearing thereunder, which was scheduled for March 6, 1967. The reason is that the record shows that this deficiency was brought to the attention of the special inquiry officer at the original hearing, and that he forthwith granted the respondent a continuance of the hearing until March 22, 1967. The record further shows that the continued hearing was not held until April 6, 1967. Under these circumstances, it is clear that the respondent had a period far in excess of seven days in which to be made aware of the acts and conduct on her part the Service alleged to be in violation of law, and more than an adequate opportunity to prepare her defense against them.

We likewise reject the respondent's contention that her case falls within the purview of section 241(f) of the Immigration and Nationality Act (8 U.S.C. 1251), which stipulates that the provisions relating to the deportation of aliens who seek to procure, or have procured, visas or entry into the United States by fraud or misrepresentation shall not apply to an alien "otherwise admissible at the time of entry" who is, *inter alia*, the parent of a United States citizen.[1] The fallacy of the respondent's argument lies in the fact that the order for her deportation is not based upon any charge of fraud or misrepresentation. It is simply predicated on the fact that, after her admission as a nonimmigrant temporary visitor for pleasure, she remained here for a longer period of time than authorized. Hence, the ground of deportation selected and relied upon by the Government in the administrative proceedings was not fraud or misrepresentation, and the respondent has not the power to substitute for her own convenience a ground not in-

---

[1] The respondent apparently contends that she is saved from deportation because she is, by her own admission, an alien who misrepresented her status to gain admission to the United States.

volved in the deportation proceedings against her. In other words, the respondent's alleged intent to commit fraud, which she now claims, is not germane here because it is not essential to the establishment of the ground of deportation involved.

Finally, we find unavailing the last reason given by the respondent for the taking of the appeal, to wit:

The Respondent, since seeing she has lawful permanent resident children, should have been afforded the opportunity to cross-examine various witnesses which the Government wished (sic) to present which may have a bearing on the Respondent's future eligibility for an immigrant visa.

Not only is this contention premature, but it is also purely speculative in nature. It relates to a matter which may never arise. If it does, then the issue thus raised is properly for the consideration of the appropriate American Consul abroad. It is clearly outside the scope of the jurisdiction of the special inquiry officer and this Board.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.