Victor **BECERRA MONJE** and Pedro Becerra Pozos, Petitioners,

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

No. 23612.

United States Court of Appeals Ninth Circuit.

Nov. 3, 1969.

David C. Marcus (argued), Los Angeles, Cal., for petitioners.

Dzintra I. Janavis (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Frederick M. Brosio, Asst. U. S. Atty., Los Angeles, Cal., Joseph Sureck, Regional Counsel, San Pedro, Cal., Stephen M. Suffin, I.N.S., San Francisco, Cal., for respondent.

Before BARNES and DUNIWAY, Circuit Judges, and McNICHOLS, District Judge*.

McNICHOLS, District Judge:

Petitioners, minor son and father, respectively, in the order set out in the caption, appeal directly to this court from separate final orders of deportation entered by the Board of Immigration Appeals after proceedings provided for by Section 242(b) of the Immigration and Nationality Act (8 U.S.C. § 1252(b)), hereinafter referred to as the Act. We have jurisdiction pursuant to Section 106 of the Act (8 U.S.C. § 1105a) to entertain such a direct review of final orders of deportation. Foti v. Immigration and Naturalization Service, 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963).

The past history of the case, as documented in the administrative record before us, fairly reflects the following situation:

Both petitioners are aliens, being native-born citizens of the Republic of Mexico. The adult petitioner, Pedro Becerra (hereinafter "Pedro"), is an agricultural worker. Prior to December, 1965, he resided in Mexico with his wife, also a Mexican citizen, and six children, including the minor petitioner, Victor Becerra (hereinafter "Victor").

On December 27, 1965, Pedro made application for entry to the United States as a spouse of a United States citizen. He presented to the consular office at Nogales, Sonora, Mexico, in support of a requested visa, an apparently official documentation of his divorce from his wife and his subsequent marriage to a woman of United States citizenship. The visa was issued and the elder Becerra entered the United States, taking up residence at Oxnard, California, where he promptly secured employment as a farm worker. It is now clear that the documents produced to show the divorce and the new marriage were false in that no such divorce or remarriage actually occurred.

The minor petitioner secured a visa at Nogales, Mexico, on February 15, 1966, based on an application in which he stated that it was his intent to enter the United States as a student. He was fourteen years of age at the time and indicated that he would reside with his father who was purportedly living legally in the United States. Victor did not in fact go to school, but joined his father in agricultural employment near Oxnard. He did not actually commence going to school in the United States until Decem-

* Hon. Ray McNichols, United States District Judge, Boise, Idaho, sitting by designation.

ber of 1967, nearly two years after his entry and after the present proceeding to deport him had commenced. Even in December, 1967, he only attended night school for a period of three hours twice a week.

By the joint efforts of father and son, a home was secured, furniture purchased and sufficient funds accumulated so that Mrs. Becerra and the remaining five children were able to come to the United States from Mexico on March 20, 1967. In due course, and on December 10, 1967, another child was born to the adult petitioner and his wife. This child is concededly a citizen of the United States.

The respondent Service, apprised of the alleged duplicitous conduct of the petitioners, commenced deportation proceedings which culminated in the order of deportation under review which order was entered on September 30, 1968.

It was formally charged, and after hearing found, that the adult petitioner was excludable under the Act under the following grounds:

(a) That he had procured his visa by fraud and willful misrepresentation, Section 212(a) (19) (8 U.S.C. § 1182(a) (19)); that he was an immigrant not in possession of a valid visa, Section 212(a) (20) (8 U.S.C. § 1182(a) (20)); and was an immigrant seeking to enter the United States to perform labor without the requisite certification by the Secretary of Labor, Section 212(a) (14) (8 U.S.C. § 1182(a) (14)). The minor petitioner was ordered deported on the single ground that he was likewise an immigrant seeking to enter the United States to perform labor without prior certification by the Secretary of Labor, Section 212(a) (14).

█ We are satisfied that the adult petitioner fraudulently misrepresented the facts of his marital status in order to avoid the requirements of Section 212(a) (14) of the Act. That section, as amended, provides, essentially, that an alien desiring to enter the United States for the purpose of performing either skilled or unskilled labor is excluded from admission unless the Secretary of Labor shall have certified that there are not sufficient workers in the United States qualified to do the work involved at the time in question and that the employment of the alien will not adversely affect the wages and working conditions of workers in the United States similarly employed.

The determination that the adult petitioner had procured his visa by fraudulent misrepresentation; that he therefore had no valid visa; and that he was an immigrant seeking to enter the United States to perform labor without having first obtained certification by the Secretary of Labor were all based on evidence that was clear, unequivocal and convincing. Woodby v. Immigration and Naturalization Service, 385 U.S. 276, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966).

However, as indicated above, Pedro had become, while the deportation proceedings were pending, the parent of a newborn United States citizen. He contends that he is not subject to deportation because of the provision of Section 241(f) of the Act. He raised this issue before the administrative tribunal. Section 241(f) (8 U.S.C. § 1251(f)), as amended, reads as follows:

"(f) The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation shall not apply to an alien *otherwise admissible* at the time of entry who is the spouse, *parent*, or a child of a United States citizen or of an alien lawfully admitted for permanent residence." (Emphasis supplied.)

The respondent determined below, and quite plausibly argues here, that Pedro is not entitled to the protective mantle of Section 241(f) because he was not "otherwise admissible" at the time of his entry for the reason that he lacked the certification of the Secretary of Labor

required for admission under Section 212 (a) (14) of the Act.

However, that question is not presently open in this Circuit. A panel of this court has recently decided the exact point against the position taken by the Immigration and Naturalization Service. Godoy v. Rosenberg, 415 F.2d 1266, decided August 29, 1969.

Except for the question of the legitimacy of the child born in the United States, *Godoy* is exactly on four squares with the instant situation. In *Godoy*, a Mexican alien desiring to enter the United States to work, and without a certification by the Secretary of Labor, used a falsely documented claim of marriage to an American citizen to obtain a special immigration visa; while in the United States the alien sired a child. Alien Godoy was ordered deported, even though he claimed the protection of Section 241 (f). There, as here, the Immigration and Naturalization Service held that he was not "otherwise admissible" because of the lack of the Secretary of Labor certificate. The court in *Godoy* rejected the argument of the Service and found that Section 241(f) saved the alien from deportation.[1]

On the authority of the holding in *Godoy*, we find that the adult petitioner herein was not subject to deportation on the grounds found by the respondent. The order of deportation as to the adult petitioner is reversed.

We do not reach for discussion the other citations of error raised on behalf of the adult petitioner, suffice to say, we believe them to be without merit.

In view of our determination that the petitioner, Pedro Becerra, is not deportable under the order here under review, we feel that the order of deportation of the minor petitioner should be returned to the respondent for further consideration.

It is therefore ordered: (1) that the order of deportation as to the peti-

tioner, Pedro Becerra, is vacated; and (2) as to the petitioner, Victor Becerra, the case is remanded to the Board of Immigration Appeals for further consideration.

---

1. As there was the question of the legitimacy of the child's birth, the cause was remanded to the Board of Immigration Appeals for determination of that issue.