MATTER OF BONILLA

In Deportation Proceedings

A-17151187
A-17151408-10

*Decided by Board May 13, 1970*

Respondent, who entered the United States upon representations as the un-
married child of a permanent resident father when in fact his father was
not a permanent resident, and who, now married to a permanent resident,
possesses the requisite family relationship, comes within the purview of
section 241(f) of the Immigration and Nationality Act, as amended, since
he was "otherwise admissible" at entry notwithstanding the lack of a
labor certification under section 212(a)(14) of the Act (*Castillo-Godoy* v.
*Rosenberg*, 415 F.2d 1266 (C.A. 9, 1969)).
[*Muslemi* v. *I. & N.S.*, 408 F.2d 1196 (C.A. 9, 1969), and *Matter of
Tsaconas*, 12 I. & N. Dec. 332, distinguished.]

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excluda-
ble at time of entry as alien not of status specified
in immigrant visa under section 203(a). (All al-
iens)

ON BEHALF OF RESPONDENTS:
Hideki Nakamura, Esquire
63 Merchant Street
Honolulu, Hawaii 96813
(Brief filed)

ON BEHALF OF SERVICE:
Donald B. Anderson
Acting Trial Attorney
(Brief filed)

The respondents, four brothers, are natives and citizens of the
Republic of the Philippines. Three of the brothers have been
found deportable under the provisions of section 241(a)(1) of the
Immigration and Nationality Act in that, at the time of thier
entry as immigrants at the port of Honolulu, Hawaii during Feb-
ruary of 1966, they were excludable as aliens who were not of the
status specified in their immigrant visas, inasmuch as they were
not the unmarried sons of an alien lawfully admitted for perma-
nent residence (section 203(a)(2), Immigration and Nationality
Act). An order entered by the special inquiry officer on April 8,

1969 granted those three brothers the privilege of voluntary departure, and provided for their deportation in the event they fail to depart when and as required. There was no appeal to this Board from the order entered against those respondents.

The special inquiry officer in his order of April 8, 1969 terminated the deportation proceedings in the case of the fourth brother, Francio B. Bonilla (A–17151408), pursuant to the provisions of section 241 (f) of the Immigration and Nationality Act. The Service appeals from this order.

The special inquiry officer in a supplemental decision certified the case to this Board for final decision. The special inquiry officer states his reasons for certification as follows:

. . . the very recent decision of the Ninth Circuit Court of Appeals on March 19, 1969, in *Muslemi* v. *INS*, 408 F.2d 1196, in effect overruled the decision by the Board of Immigration Appeals, in the *Matter of Tsaconis*, Int. Dec. 1759 and as it appears further that other decisions by the Board of Immigration Appeals were affected in the same manner, *e.g.*, *Matter of Castillo-Godoy*, Int. Dec. 1812; *Matter of Becerra*, Int. Dec. 1908; and *Matter of Senior*, Int. Dec. 1898, I believe that it is advisable that this case be certified to the Board of Immigration Appeals insofar as the decision relates to the respondent, Francio B. Bonilla.

The facts pertinent to the respondent, Francio B. Bonilla, have been fully set forth in the special inquiry officer's opinion of April 8, 1969. Briefly, they establish that he as well as his three brothers secured second preference immigration visas from the consul at Manila upon the representation that they were the unmarried sons of Romualdo Bonilla, a permanent resident alien. It was thereafter established that Romualdo Bonilla was not in fact a permanent resident alien and deportation proceedings under section 241 (a) were instituted. The respondent, Francio B. Bonilla, moved for a termination of the deportation proceeding against him on the ground that he is eligible for relief under section 241 (f) of the Act because, after entry, he married a lawful resident alien in the County of Kauai, Hawaii on December 20, 1968 and that a visa petition executed by his wife has been approved by the District Director at Honolulu on April 8, 1969 (Ex.

We affirm the conclusion of the special inquiry officer that the respondent, Francio B. Bonilla, comes within the purview of section 241 (f) of the Act. The Supreme Court has held that section 241 (f) "waives any deportation charge that results directly from misrepresentation regardless of the section of the statute under which the [deportation] charge was brought, provided that the alien was 'otherwise admissible' at the time of entry." The

Court further held that quota restrictions could not preclude an immigrant from being considered "otherwise admissible," *INS N. Errico*, 385 U.S. 214, 217, 17 L. Ed. 2d 318 (1966).

The trial attorney argues that the respondent, Francio B. Bonilla, is not saved from deportation by the provisions of section 241(f) because he was not "otherwise admissible" at the time of his entry on February 25, 1966, since at that time he was required to have a labor certification under section 212(a)(14) which he did not have. The trial attorney has relied on our decisions in *Matter of Castillo-Godoy*, 12 I. & N. Dec. 520 (BIA, 1967), and *Matter of Becerra*, Interim Decision No. 1908 (BIA, 1968).[1] However, since the trial attorney took that position, this Board's holding in the precedent cases cited has been rejected by the Court of Appeals for the Ninth Circuit, *Castillo-Godoy v. Rosenberg*, 415 F.2d 1266 (9 Cir., 1969); *Becerra Monje v. INS*, 418 F.2d 108 (9 Cir., 1969) The court in *Castillo-Goday* held essentially that a labor certification at the time of entry was a quantitative requirement which, like the quota limitation, was intended to be waived by the application of section 241(f) to aliens who entered the United States on the basis of fradulent misrepresentations, if they have the required familial relationship. The respondent, Francio B. Bonilla, meets this test.

We next turn to a consideration of the special inquiry officer's statement in his supplementary opinion that the very recent decision of the Ninth Circuit in the case of *Muslemi v. INS*, 408 F.2d 1196 (9 Cir., 1969), has "in effect" overruled our decision in *Matter of Tsaconas*, 12 I. & N. Dec. 332 (BIA, 1967). Unlike the respondent in this case, both Muslemi and Tsaconas entered as nonimmigrants. The court in *Muslemi* recognized this distinction and said, "We need not decide in general whether [section 241(f)] save aliens who have fraudulently entered the country on nonimmigrant visas and who have the requisite family ties from deportation on any charge. We need decide only whether petitioner is saved from deportation on the specific charge entered against him in this proceeding," 408 F.2d at page 1199. The court found that the "no immigrant visa" charge laid under section 212(a)(20) resulted directly from Muslemi's fraudulent concealment of his intention to remain in the United States permanently and that he was accordingly saved from deportation on the charge entered against him "if he were otherwise admissible for entry as an im-

---

[1] This Board in the *Castillo-Godoy* and *Becerra* cases took the position that aliens who entered without the required labor certifications were not "otherwise admissible" within the meaning of section 241(f).

igrant at the time of his entry according to the Immigration id Nationality Act, 8 U.S.C. 1182." The *Muslemi* case was re-anded by the court for a determination of whether petitioner as "otherwise admissible" at the time of his entry. That issue is ɔw before us for determination in that case.

In our view, the Ninth Circuit's *Muslemi* decision did not pur-ort to reject the rationale of our decision in *Tsaconas*. The .tter has been sustained on judicial review, *Tsaconas* v. *INS*, 97 F.2d 946 (7 Cir., 1968). See also *De Vargos* v. *INS*, 409 .2d 335 (5 Cir., 1969).

Since there was no appeal by three of the respondents, our rder will be limited to affirming the termination of the deporta-on proceedings in the case of the respondent, Francio B. Bon-la, and dismissing the Service appeal in his case.

**ORDER:** It is ordered that the termination of the deportation roceeding by the special inquiry officer in the case of Francio ;. Bonilla be and the same is hereby affirmed and the appeal by ɪe Service in his case is hereby dismissed.