**ARVIN INDUSTRIES, INC.,**
**Plaintiff-Appellee,**

v.

**BERNS AIR KING CORPORATION,**
**Defendant-Appellant.**

**No. 74–1078.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 2, 1974.

Decided Feb. 13, 1975.

Norman Lettvin, Chicago, Ill., for defendant-appellant.

Jack W. Hanley, Indianapolis, Ind., Gerald D. Hosier, Chicago, Ill., for plaintiff-appellee.

Before FAIRCHILD and TONE, Circuit Judges, and GRANT, Senior District Judge.*

* Senior District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

TONE, Circuit Judge.

The single question we reach in this opinion is whether there is federal jurisdiction under 28 U.S.C. § 1338(a) over an action by a patent licensor against his licensee for infringement, when the license agreement is shown by the complaint to be in effect and the wrongful conduct alleged is refusal to pay royalties.

A prior action between the parties for infringement of the same patent was settled by the entry of a consent decree and the execution of a license agreement authorizing defendant to make and sell heaters embodying the invention and obligating defendant to pay royalties. Defendant paid royalties under the agreement for a short time and then discontinued manufacture and sale of the models involved in the prior action and began making and selling modified structures which it claimed were not covered by the patent. When plaintiff's demand for royalties on the modified structures was refused, it commenced this action.

In its complaint plaintiff alleged the existence of jurisdiction under 28 U.S.C. § 1338(a), plaintiff's ownership of the patent, the consent decree, and the existence of the patent license agreement under which "defendant agreed to pay plaintiff a royalty for each heater sold by defendant which embodies the licensed invention." The complaint continued:

"7. Notwithstanding said license agreement, defendant has refused and continues to refuse to pay plaintiff royalties on heaters sold by defendant and known as defendant's Model HF–22 heater.

"8. The making, using, and selling by defendant of its Model HF–22 heater, and possibly others, without payment of royalties to plaintiff, constitute acts of infringement of said Letters Patent."

Plaintiff sought an injunction against "further infringement" and "damages for infringement."

In its answer defendant denied the allegation of jurisdiction, denied infringement, and asserted as an affirmative defense that it was "presently licensed under [the patent] and, therefore, cannot infringe said patent." Defendant did not otherwise question jurisdiction and, in fact, submitted proposed findings and conclusions after trial containing a finding of jurisdiction.

The District Court heard evidence and entered judgment in favor of plaintiff, stating its reasons in a memorandum opinion in which the issue of jurisdiction, not having been raised, was not discussed.

Defendant now argues that the case does not arise under the patent laws, and that therefore jurisdiction does not exist under 28 U.S.C. § 1338(a). Even though the issue of jurisdiction was not raised in the District Court, we have a duty to consider and determine it. Lion Mfg. Corp. v. Chicago Flexible Shaft Co., 106 F.2d 930, 933 (7th Cir. 1939).

The beginning point for our analysis is the principle stated by Mr. Justice Holmes in American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916): "A suit arises under the law that creates the cause of action." The plaintiff's opening pleading is determinative. A case arises under the patent laws, and therefore exclusive federal jurisdiction exists, "when the plaintiff in his opening pleading . . . sets up a right under the patent laws as ground for a recovery." Pratt v. Paris Gas Light & Coke Co., 168 U.S. 255, 259, 18 S.Ct. 62, 64, 42 L.Ed. 458 (1897).[1] While a suit for infringement of a patent arises under the patent laws and is therefore cognizable under 28 U.S.C. § 1338(a), a suit to en-

---

1. This is but a manifestation of the general rule of federal jurisdiction that an action does not arise under federal law if the federal question is introduced by way of defense, even though the plaintiff anticipates the defense in his initial pleading. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 672, 70 S.Ct. 876, 94 L.Ed. 1194 (1950).

force an undertaking to pay royalties for the use of a patent arises under state law and is not within the jurisdiction of the federal courts. Albright v. Teas, 106 U.S. 613, 1 S.Ct. 550, 27 L.Ed. 295 (1883); Luckett v. Delpark, Inc., 270 U.S. 496, 510, 46 S.Ct. 397, 70 L.Ed. 703 (1926).

■ In a line of cases beginning with Wilson v. Sandford, 51 U.S. (10 How.) 99, 13 L.Ed. 344 (1850), the Supreme Court evolved a set of rules governing federal jurisdiction over cases which present issues of patent infringement or validity as well as issues arising under a patent license agreement. This body of law is explained and summarized in Mr. Chief Justice Taft's opinion for the Court in Luckett v. Delpark, Inc., *supra*, 270 U.S. 496, 46 S.Ct. 397, 70 L.Ed. 703, and in Mr. Justice (then Judge) Minton's opinion for this court in Laning v. National Ribbon & Carbon Paper Mfg. Co., 125 F.2d 565 (7th Cir. 1942). The principle underlying all these decisions is that the existence of federal jurisdiction is to be determined from plaintiff's complaint. Thus, if the complaint alleges a claim for patent infringement arising under federal law, federal jurisdiction is not defeated by the defendant's allegation of the defense of license arising under state law or the anticipation of such a defense in the complaint. Federal jurisdiction does not exist, however, when the plaintiff alleges the existence of a license and asks the court both to declare the license forfeited and to grant relief for infringement upon the forfeiture being declared. Speaking of Wilson v. Sandford, the Court in Luckett v. Delpark, Inc., 270 U.S. at 511, 46 S.Ct. at 402, said as follows:

"If in that case the patentee complainant had based his action on his patent right and had sued for infringement, and by anticipation of a defense of the

assignment had alleged a forfeiture by his own declaration without seeking aid of the court, jurisdiction under the patent laws would have attached, and he would have had to meet the claim by the defendant that forfeiture of the license or assignment and restoration of title could not be had except by a decree of a court, which, if sustained, would have defeated his prayer for an injunction on the merits. But when the patentee exercises his choice and bases his action on the contract and seeks remedies thereunder, he may not give the case a double aspect, so to speak, and make it a patent case conditioned on his securing equitable relief as to the contract. That is the principle settled by Wilson v. Sandford, and is still the law."

■ In the case at bar, plaintiff alleged in its complaint the existence of a license agreement which authorized the very use of the patent of which it complained. While the conclusion of infringement was pleaded, the facts that were also pleaded showed that there was no infringement because the defendant's use of the patent was authorized by the agreement. The complaint thus revealed that plaintiff was not entitled to claim infringement but could only enforce its rights under the still existing license agreement. United Mfg. & Serv. Co. v. Holwin Corp., 187 F.2d 902, 905 (7th Cir. 1951). Those were rights conferred by state law, and could not be the basis for federal jurisdiction. Plaintiff does not have "pleader's choice," as it contends, relying on The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716 (1913), to sue for a violation of its federal patent rights which its own complaint shows did not occur. Cf. Thiokol Chemical Corp. v. Burlington Industries, Inc., 448 F.2d 1328, 1330–1331 (3d Cir. 1971), cert. denied, 404 U.S. 1019, 92 S.Ct. 684, 30 L.Ed.2d 668 (1972).[2]

---

**2.** *Thiokol* held that a licensee's claim for a declaratory judgment that a proposed new product would not infringe the licensed patents, and that, moreover, the patents were invalid and therefore the licensee was entitled to recover amounts already paid as royalties,

did not arise under the patent laws. The court, *per* Judge Hastie, viewed the complaint as essentially asserting a defense to a threatened state court action, which the court assumed would be for enforcement of the license agreement and not for infringement,

The Court in *Luckett*, in describing the kind of allegations that would have supported jurisdiction in Wilson v. Sandford, included the allegation of "a forfeiture by his [the plaintiff-licensor's] own declaration without seeking aid of the court." (270 U.S. at 511, 46 S.Ct. at 402.) Here plaintiff does not allege forfeiture by its own declaration or otherwise but, on the contrary, alleges that the license still exists. As in Wilson v. Sandford, plaintiff "alleges no ground for an injunction unless the contract is set aside." (51 U.S. (10 How.) at 101.) Unlike the plaintiffs in other cases discussed in *Luckett*, plaintiff here does not allege that the license had already been terminated for breach of a condition (as in Healy v. Sea Gull Specialty Co., 237 U.S. 479, 35 S.Ct. 658, 59 L.Ed. 1056 (1915)) or that defendant's acts were not authorized by the license (as in The Fair v. Kohler Die & Specialty Co., *supra*, 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716; and Henry v. A. B. Dick Co., 224 U.S. 1, 32 S.Ct. 364, 56 L.Ed. 645 (1912), overruled on another point in Motion Picture Patents Co. v. Universal Film Mfg. Co., 243 U.S. 502, 37 S.Ct. 416, 61 L.Ed. 871 (1917)).

It is perhaps anomalous that the existence of federal jurisdiction should turn on what a plaintiff chooses to include in his complaint rather than upon the facts that appear from the pleadings of both plaintiff and defendant. That, however, is sometimes the effect of the long-settled rule that the case arises under the law that creates the plaintiff's cause of action and that federal jurisdiction is neither created nor ousted by defenses pleaded by the defendant. As Judge Friendly said in a similar context, "precedents going back for more than a century teach that lesson." (T. B. Harms Co. v. Eliscu, 339 F.2d 823, 824 (2d Cir. 1964).)

It appears likely that diversity jurisdiction exists in this case. Plaintiff and defendant are organized and have their principal places of business in Indiana and Illinois, respectively. If jurisdictional amount can be alleged and proved, there will be diversity jurisdiction under 28 U.S.C. § 1332. To avoid wasting the efforts that have gone into trying and deciding the case on the merits, we are vacating the judgment and remanding the case to the District Court for a determination of whether diversity jurisdiction exists. If the District Court decides there is jurisdiction, a new notice of appeal from a new judgment will return the case to this court for determination on the merits by the same panel, without the necessity of further briefs or oral argument.

On remand, the District Court will have authority to reconsider the form of relief granted, in light of the continuing existence of the license agreement. See United Mfg. & Serv. Co. v. Holwin Corp., *supra*, 187 F.2d 902; see also DeForest Co. v. United States, 273 U.S. 236, 241–242, 47 S.Ct. 366, 71 L.Ed. 625 (1927); Anthony Co. v. Perfection Steel Body Co., 315 F.2d 138, 141 (6th Cir. 1963).

Vacated and remanded.

---

and applied the rule of Public Service Comm'n v. Wycoff Co., 344 U.S. 237, 248, 73 S.Ct. 236, 97 L.Ed. 291 (1952), that, in a declaratory judgment action seeking to assert a defense to a threatened action, the existence of federal-question jurisdiction is determined by the character of the threatened action rather than the defense. Compare Beckman Instruments, Inc. v. Technical Development Corp., 433 F.2d 55 (7th Cir. 1970), which was mentioned by Judge Hastie in a footnote (448 F.2d at 1331, n. 3) and in which jurisdiction was not questioned in this court.